Carl McGEE et al., Appellants,

v.

Robert W. THOMAS, Appellee.

No. 8447.

Court of Civil Appeals of Texas, Amarillo.

March 25, 1974.

Rehearing Denied April 22, 1974.

Edwards & Associates, James R. Edwards, Lubbock, for appellants.

Blanchard, Clifford, Sims & Kidd, W. A. Clifford, Lubbock, for appellee.

REYNOLDS, Justice.

Questioned in this appeal is the adequacy of certain damages awarded for personal injuries sustained in, and future medical expenses resulting from, an automobile collision, and the denial of recovery for loss of earnings. Reversed and remanded.

Accompanied by the minor appellants Steven McGee and Deborah McGee as passengers, appellant Virgie McGee was driving an automobile owned by appellant Carl McGee when the automobile was struck from behind by a vehicle driven by appellee Robert W. Thomas. In the ensuing lawsuit, judgment was entered for appellants in conformity with a jury verdict finding liability on the part of Thomas and establishing various dollar amounts for certain damages and future medical expenses to be recovered by appellants.

By a sole point of error, appellants challenge the evidentiary support for the jury's awards of (1) $100 as compensatory damages and $225 for future medical expenses for Steven McGee; (2) $740 as compensatory damages and $440 for future medical expenses for Virgie McGee; and (3) nothing for loss of earnings suffered by Carl McGee as a result of the injuries to his family. The recovery allowed for Deborah McGee and the recovery for property damage are not challenged.

The jury's answers of $225 and $440 for future medical expenses for Steven McGee and for Virgie McGee, respectively, are against the great weight and preponderance of the evidence. The sole and uncontradicted testimony concerning future medical expenses for Steven and Virgie McGee was given by Dr. Eugene Brown, the treating physician. His testimony was that Steven would incur between $1,500 and $3,000, and that Virgie McGee would incur between $2,000 and $3,000, for future medical expenses. Both estimates were stated

by the doctor to be reasonable and necessary expenses.

The jury was free to, and apparently did, disbelieve the testimony of Dr. Brown; however, the jury did not have the authority to completely ignore the undisputed facts and arbitrarily fix an amount neither authorized nor supported by the evidence. Bolen v. Timmons, 407 S.W.2d 947 (Tex.Civ.App.—Amarillo 1966, no writ). The jury was unwarranted in finding amounts below the sums testified to and so disproportionate with the uncontroverted evidence, Shropshire v. Doxey, 25 Tex. 128 (1860), and such findings are so clearly against the great weight and preponderance of the evidence as to be manifestly wrong.

Even though no complaint is made to a portion of the judgment, all of the issues in this case, including the issues of damages assigned as inadequate, are so closely related as to be indivisible. Accordingly, as was held in Fisher v. Coastal Transport Co., 149 Tex. 224, 230 S.W.2d 522 (1950), the entire case is remanded for a new trial to prevent piecemeal adjudication. This determination pretermits consideration of appellants' remaining complaints to the judgment.

The judgment of the trial court is reversed and remanded.