Vickie A. McGUFFIN, Appellant,

v.

Roger Michael TERRELL, Appellee.

No. 2–86–099–CV.

Court of Appeals of Texas,
Fort Worth.

June 18, 1987.

Rehearing Denied July 23, 1987.

Wynn, Brown, Mack, Renfro & Thompson and Christopher J. Pruitt, Fort Worth, for appellant.

Touchstone, Bernays, Johnston, Beall & Smith and W. Coleman Sylvan, Dallas, for appellee.

Before FENDER, C.J., and HILL and HARRY HOPKINS (Retired, Sitting by Assignment), JJ.

## OPINION

HARRY HOPKINS, Justice (Retired, Sitting by Assignment).

This is an appeal from a judgment based on a jury verdict awarding appellant the sum of $50.00 as compensation for past medical expenses resulting from an alleged injury sustained in a two-car collision, but denying recovery for past and future pain and suffering, loss of earnings in the past and loss of future earning capacity.

The judgment is affirmed.

The evidence at trial consisted mainly of appellant's testimony and the deposition testimony of her doctor, including exhibits of medical reports and expense statements of various physicians who examined appellant and a physical therapist to whom she was referred for treatment. Other than through the cross-examination of appellant and her doctor, appellee presented no medical evidence. There was evidence appellant was not wearing a seat belt at the time of the accident and that she did not complain of injury at the scene. At the time of the accident and in response to inquiries as to whether she was injured, she indicated that she did not know. Appellant testified that approximately two hours after the collision and after she returned home, she began to experience some pain in her neck and shoulder. She treated herself with a heating pad the remainder of the day and called on her family doctor the following day. Her doctor, Dr. Murphy, was out of the office but she was examined by his associate, Dr. McDowell, who prescribed a muscle relaxant. Three days later she returned and was examined by Dr. Murphy who did not prescribe additional medication or treatment at the time. Appellant continued to see Dr. Murphy who prescribed "pain pills" and after several visits referred her to a physical therapist. Appellant testified that neither the medication nor physical therapy seemed to alleviate her pain.

Dr. Murphy then referred her to Dr. Davis, an orthopedic surgeon, who examined appellant and found no objective symptoms which would cause the pain complained of by appellant. Appellant later was examined by Dr. Crisp, a neurosurgeon. Dr. Garcia ran a EMG. Appellant also had a CAT scan. None of these examinations revealed any objective symptoms of injury. Appellant testified that she had experienced numbness in her arm and was still complaining of pain at the time of trial, some fifteen months after the accident. Dr. Murphy, in his deposition, testified that in his opinion the injury complained of by appellant was a result of the collision, the services rendered were necessary for the treatment of appellant, and that the charges, totalling approximately $2,000.00, were reasonable.

The jury answered all liability issues in favor of appellant and there was no request made and no special issue submitted to the jury inquiring as to whether appellant's alleged injury resulted from the collision in question. The following issue was submitted without objection and the following answers were made by the jury:

ISSUE NO. 4

Find from a preponderance of the evidence what sum of money, if any, if paid now in cash, would fairly and reasonably compensate Vickie A. McGuffin for her injuries, if any, resulting from the occurrence in question.

You are to consider each element of damages separately, so as not to include damages for one element in any other element.

Answer separately in dollars and cents, if any, with respect to each of the following elements:

(a) Physical pain and mental anguish in the past.

Answer: $ –0–

(b) Physical pain and mental anguish that, in reasonable probability, she will suffer in the future.

Answer: $ –0–

(c) Loss of earnings in the past.

Answer: $ –0–

(d) Loss of earning capacity that, in reasonable probability, she will sustain in the future.

Answer: $ –0–

(e) Medical expenses in the past.

Answer: $50.00

■ Appellant's points of error two, three, six and seven deal with "no evidence" and "insufficient evidence" questions pertaining to the jury's answers to damage issues relating to past medical issues and past pain and suffering. These points raise no issue for determination by this court because such are improper challenges, inasmuch as the burden of proving damage issues was on appellant. *See Middleton v. Palmer*, 601 S.W.2d 759 (Tex.Civ.App.—Dallas 1980, writ ref'd n.r.e.). However, all of the complaints contained in these issues are also asserted in other points of error as being against the great weight and preponderance of the evidence and manifestly unjust and will be considered and discussed in that light. Points two, three, six and seven are overruled.

■ In reviewing a point of error asserting that a finding is "against the great weight and preponderance" of the evidence, we must consider and weigh all of the evidence, both the evidence which tends to prove the existence of a vital fact as well as evidence which tends to disprove its existence. *See Cain v. Bain*, 709 S.W.2d 175, 176 (Tex.1986) (per curiam); *Ford Motor Co. v. Nowak*, 638 S.W.2d 582, 585 (Tex.App.—Corpus Christi 1982, writ ref'd n.r.e.). So considering the evidence, if a jury finding is so contrary to the great weight and preponderance of the evidence as to be manifestly unjust, the point should be sustained, regardless of whether there is some evidence to support it. *Watson v. Prewitt*, 159 Tex. 305, 320 S.W.2d 815, 816 (1959) (per curiam); *In re King's Estate*, 150 Tex. 662, 244 S.W.2d 660, 661 (1951) (per curiam).

In points of error one and four appellant contends the trial court erred in denying her motion for new trial because the jury's award of $50.00 for past medical expenses is so against the great weight and preponderance of the evidence as to be manifestly unjust and unfair. In points of error five and eight she asserts the same complaints as to the jury failing to award any damages for past pain and suffering. In support of her contentions appellant cites *Pate v. Tellepsen Const. Co.*, 596 S.W.2d 548 (Tex.Civ.App.—Houston [1st Dist.] 1980, writ ref'd n.r.e.); *McGee v. Thomas*, 508 S.W.2d 191 (Tex.Civ.App.—Amarillo 1974, writ ref'd n.r.e.); *Lincoln v. McCubbin*, 475 S.W.2d 811 (Tex.Civ.App.—Texarkana 1971, no writ); *Clark v. Brewer*, 471 S.W.2d 639 (Tex.Civ.App.—Corpus Christi 1971, no writ); *Allen v. Compton*, 461 S.W.2d 143 (Tex.Civ.App.—Dallas 1970, no writ); *Downing v. Uniroyal, Inc.*, 451 S.W.2d 279 (Tex.Civ.App.—Dallas 1970, no writ); *Gallegos v. Clegg*, 417 S.W.2d 347 (Tex.Civ.App.—Corpus Christi 1967, writ ref'd n.r.e.); and *Bolen v. Timmons*, 407 S.W.2d 947 (Tex.Civ.App.—Amarillo 1966, no writ). In addition to other cases, we have carefully reviewed each of the cases cited by appellant and we are of the opinion none are controlling in the case before us. In the *Downing, Allen, Bolen, Clark, Gallegos* and *Lincoln* cases, the opinions recite that examination of the parties complaining of injury revealed objective symptoms such as fracture, laceration, bruise, hematoma or muscle spasm. In the present case, there were no findings of objective symptoms until approximately three weeks after the accident, when after several office visits, Dr. Murphy noted muscle spasm. All of the reports of other examining physicians indicated no objective symptoms were present.

In *Pate*, the jury awarded $10,000.00 for past physical pain and suffering, but none for loss of past earnings, loss of future earning capacity and past medical expenses. A laminectomy to the neck was performed at a cost of $1,239.00 and the surgeon's testimony that the injury sustained had aggravated a pre-existing condition was corroborated by the only other medical witness. The size of the award for past physical pain and suffering and the nature of the surgical procedure would indicate that the party had suffered a significant injury. The appellate court reversed on the grounds that the jury's failure to award any damages for past medical expenses was against the great weight and

preponderance of the evidence. *See Pate,* 596 S.W.2d at 548.

No such surgical procedure was performed in the present case and evidently the jury found appellant's injury was so minimal as to not warrant an award for past pain and suffering. The jury must have also believed that her injury did not require all of the examinations and treatment received by appellant. The jury was free to disbelieve, and apparently did disbelieve, Dr. Murphy's opinion that the treatment and medication received by appellant was necessary for the injury sustained. Uncontradicted testimony of expert witnesses must be taken as true insofar as it establishes facts, however, opinions as to deductions from those facts are not binding on the jury. *See Gregory v. Texas Emp. Ins. Ass'n,* 530 S.W.2d 105, 107 (Tex.1975) and *Thompson v. Mercantile Thrift Stores, Inc.,* 650 S.W.2d 120, 122 (Tex.App. —Houston [14th Dist.] 1983, no writ). Opinion testimony does not establish material facts as a matter of law. *See Blackmon v. Piggly Wiggly Corporation,* 485 S.W.2d 381, 384 (Tex.Civ.App.—Waco 1972, writ ref'd n.r.e.). The jury was accorded the privilege of considering medical reports indicating no objective symptoms and were not compelled to accept Dr. Murphy's opinion deductions. The jury apparently did not believe appellant's testimony as to the severity of her injuries nor her alleged pain and disability. The jury may disbelieve an interested witness even if uncontradicted. *Hebert v. Pan American Van Lines, Inc.,* 681 S.W.2d 221, 222 (Tex.App.—Houston [14th Dist.] 1984, no writ). Substantially all of the evidence concerning appellant's pain and suffering and the extent of her alleged injuries came from appellant or from Dr. Murphy to whom she had related her alleged pain and suffering. The jury had the duty to consider this testimony, the reports of medical findings and diagnosis by others who examined appellant. The jury likewise could accept or reject any part or all of the evidence and reconcile any inconsistencies therein. Apparently, the jury determined that the findings of some of the examining physicians were inconsistent with appellant's complaints and the de-duction opinion made by Dr. Murphy. The jury resolved these inconsistencies against the appellant. The jury had a duty to fix an amount it believed was reasonable and necessary for the treatment of any injury received by appellant which it may have found resulted from the collision. Apparently the jury determined the extent of any injury appellant may have received from the collision was quite minimal and that only the sum of $50.00 was a reasonable and necessary amount for the examination and treatment of appellant for such injury. If the opinion of Dr. Murphy did not comport with the jury's idea of sound logic, it had the right to so find. *See Dupree v. Blackmon,* 481 S.W.2d 216, 220 (Tex.Civ. App.—Beaumont 1972, writ ref'd n.r.e.). The opinion in *McGee* is quite short and fails to relate any of the facts as to the extent of injury sustained such as whether there were findings of objective symptoms. Additionally, it did not discuss compensatory damages or past medical expenses. The opinion was confined to the matter of future medical expenses. The *McGee* court, in reversing, held that the jury's award was against the great weight and preponderance of the evidence. *See McGee,* 508 S.W.2d at 191. Insofar as *McGee* may be inconsistent with this opinion, we expressly decline to follow it.

The credibility and weight to be given the evidence are within the province of the jury and although this court has the power to grant a new trial if the jury findings are so against the great weight and preponderance of the evidence as to be manifestly wrong and unjust, we cannot substitute our judgment for that of the jury just because we might have reached a different conclusion. *See Houser v. Sunshine Laundries & Dry Cleaning Corp.,* 438 S.W.2d 117, 120 (Tex.Civ.App.—San Antonio 1969, writ ref'd n.r.e.); TEX.R. CIV.P. 328. This court should not substitute its judgment for that of the jury unless the record indicates the jury was influenced by passion, prejudice, improper motive or something other than conscientious conviction. *International Harvester Co. v. Zavala,* 623 S.W.2d 699, 708 (Tex.Civ.

App.—Houston [1st Dist.] 1981, writ ref'd n.r.e.). We have considered the entire record in this case and it is silent as to the jury's verdict being based on anything other than conscientious conviction. We hold that the verdict was not so against the great weight and preponderance of the evidence as to be manifestly wrong or unjust. All of appellant's points of error are overruled.

The judgment of the trial court is affirmed.