Phillip Rochester v. Sixto Acevedo

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-04-177-CV

PHILLIP ROCHESTER APPELLANT

V.

SIXTO ACEVEDO APPELLEE

------------

FROM THE 17TH DISTRICT COURT OF TARRANT COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

A car driven by Appellant Phillip Rochester was rear-ended by Appellee Sixto Acevedo.  A jury found Acevedo sixty percent liable and Rochester forty percent liable for the accident.  The jury awarded Rochester zero damages for the only elements of damages submitted to it, physical pain, mental anguish, and physical impairment.  In two issues, Rochester claims that the jury’s award of zero damages is against the great weight and preponderance of the evidence and that the jury’s allocation of forty percent of fault upon him is supported by factually insufficient evidence.  We will affirm.

On April 24, 2000, Rochester and Acevedo were driving northbound in the far right lane of traffic on Cooper Street in Arlington, Texas.  After proceeding through the Bardin Street intersection, Rochester turned on his right turn indicator, signaling that he was turning right into a gas station.  Acevedo noticed that his car was about to hit Rochester’s vehicle, so he slammed on his brakes.  Acevedo was unable to completely stop his vehicle, however, and his front bumper struck the middle of Rochester’s back bumper.  A police officer arrived at the scene, but did not make a report because there were no injuries and no witnesses.  Rochester drove himself home from the gas station in his vehicle.  Eventually, Rochester sued Acevedo for negligently causing him physical pain, mental anguish, and physical impairment damages in the accident.  

In his second issue, Rochester argues that the jury’s award of zero damages to him is so against the great weight and preponderance of the evidence as to be manifestly unjust and unfair.  
In reviewing an issue asserting that the jury’s failure to make a finding is “against the great weight and preponderance” of the evidence, we must consider and weigh all of the evidence and set aside the finding only if the evidence is so weak or the finding is so contrary to the great weight and preponderance of the evidence as to be clearly wrong and unjust.  
Dow Chem. Co. v. Francis
, 46 S.W.3d 237, 242 (Tex. 2001); 
In re King's Estate
, 150 Tex. 662, 244 S.W.2d 660, 661 (1951).
 Rochester testified at trial that Acevedo hit his car from behind; Rochester’s car was hit with such force that he saw stars.  Rochester said that as a result of the accident he experienced waves of nausea, dizziness, vertigo, and severe pain in his neck and head and suffered from anxiety, depression, and sleeplessness.  Eleven days after the accident, he sought treatment for pain he was experiencing in his head, neck, shoulder, and wrist in the days following the incident.  He intermittently sought treatment for his injuries from five different medical offices over a period of eight months.  According to Rochester, he is now unable to participate in certain activities that he enjoyed before the accident, such as fishing and bowling. 

The jury was presented with evidence that the physical damage to both parties’ vehicles was minor; the cost of the repairs to Rochester’s car was $637.12, and pictures of Acevedo’s car showed only minor damage.  The jury heard testimony that Rochester was able to get out of his car, exchange information with Acevedo, and drive himself home.  Rochester told Acevedo at the scene that he was all right, and the police officer called to the scene did not write a report because there were no injuries or witnesses.  Rochester  sought no medical treatment for his alleged injuries until eleven days after the accident, and only at the recommendation of his attorney.  Rochester did not miss any work due to the accident.  The injuries Rochester complained of were primarily subjective, such as headaches, neck pain, and muscle tension.  And although Rochester testified that he is unable to participate in the same activities he enjoyed before the accident, he also testified that he has been snorkeling and snowmobiling since the accident.  Additionally, Rochester testified to sustaining two previous injuries to his neck very similar to the injury he said this accident caused. 

As an appellate court, we must defer credibility assessments to the jury when the issues concern the weight to be given to testimony.  
Herbert v. Herbert, 
754 S.W.2d 141, 144 (Tex. 1988).  
The jury was free to disbelieve that the treatment received by Rochester was necessary for injuries sustained in the accident.
  See McGuffin v. Terrell, 
732 S.W.2d 425, 428 (Tex. App.–Fort Worth 1987,  no writ).  
The jury apparently did not believe Rochester’s testimony as to the severity of his injuries and pain and had a duty to fix an amount it believed was reasonable and necessary for any injury received by Rochester that it may have found resulted from the collision.
  See id.
 (holding sum of $50.00 was a reasonable and necessary amount for the examination and treatment of appellant for injury resulting from collision).  We hold that the jury finding awarding Rochester zero damages was not so against the great weight and preponderance of the evidence so as to be clearly wrong or manifestly unjust.  We overrule Rochester’s second issue.

Because we have held that the evidence is factually sufficient to support the jury’s award of zero damages, we need not reach Rochester’s first issue claiming that the jury’s allocation of forty percent liability to him was supported by factually insufficient evidence.  
See
 
Tex. R. App. P.
 47.1 (requiring court of appeals to address only issues necessary to final disposition of the appeal).  Accordingly, we affirm the trial court’s judgment.

SUE WALKER

JUSTICE

PANEL A: LIVINGSTON, DAUPHINOT, and WALKER, JJ.

DELIVERED: May 12, 2005

FOOTNOTES
1:
See
 
Tex. R. App. P. 
47.4.