COURT OF APPEALS
SECOND DISTRICT OF TEXAS
FORT WORTH
 
NO. 2-04-177-CV
  
  
PHILLIP 
ROCHESTER                                                              APPELLANT
  
V.
  
SIXTO 
ACEVEDO                                                                     APPELLEE
 
  
------------
 
FROM 
THE 17TH DISTRICT COURT OF TARRANT COUNTY
 
------------
 
MEMORANDUM OPINION[1]
 
------------
        A 
car driven by Appellant Phillip Rochester was rear-ended by Appellee Sixto 
Acevedo. A jury found Acevedo sixty percent liable and Rochester forty percent 
liable for the accident. The jury awarded Rochester zero damages for the only 
elements of damages submitted to it, physical pain, mental anguish, and physical 
impairment. In two issues, Rochester claims that the jury’s award of zero 
damages is against the great weight and preponderance of the evidence and that 
the jury’s allocation of forty percent of fault upon him is supported by 
factually insufficient evidence. We will affirm.
        On 
April 24, 2000, Rochester and Acevedo were driving northbound in the far right 
lane of traffic on Cooper Street in Arlington, Texas. After proceeding through 
the Bardin Street intersection, Rochester turned on his right turn indicator, 
signaling that he was turning right into a gas station. Acevedo noticed that his 
car was about to hit Rochester’s vehicle, so he slammed on his brakes. Acevedo 
was unable to completely stop his vehicle, however, and his front bumper struck 
the middle of Rochester’s back bumper. A police officer arrived at the scene, 
but did not make a report because there were no injuries and no witnesses. 
Rochester drove himself home from the gas station in his vehicle. Eventually, 
Rochester sued Acevedo for negligently causing him physical pain, mental 
anguish, and physical impairment damages in the accident.
        In 
his second issue, Rochester argues that the jury’s award of zero damages to 
him is so against the great weight and preponderance of the evidence as to be 
manifestly unjust and unfair. In reviewing an issue asserting that the jury’s 
failure to make a finding is “against the great weight and preponderance” of 
the evidence, we must consider and weigh all of the evidence and set aside the 
finding only if the evidence is so weak or the finding is so contrary to the 
great weight and preponderance of the evidence as to be clearly wrong and 
unjust. Dow Chem. Co. v. Francis, 46 S.W.3d 237, 242 (Tex. 2001); In 
re King's Estate, 150 Tex. 662, 244 S.W.2d 660, 661 (1951).
        Rochester 
testified at trial that Acevedo hit his car from behind; Rochester’s car was 
hit with such force that he saw stars. Rochester said that as a result of the 
accident he experienced waves of nausea, dizziness, vertigo, and severe pain in 
his neck and head and suffered from anxiety, depression, and sleeplessness. 
Eleven days after the accident, he sought treatment for pain he was experiencing 
in his head, neck, shoulder, and wrist in the days following the incident. He 
intermittently sought treatment for his injuries from five different medical 
offices over a period of eight months. According to Rochester, he is now unable 
to participate in certain activities that he enjoyed before the accident, such 
as fishing and bowling.
        The 
jury was presented with evidence that the physical damage to both parties’ 
vehicles was minor; the cost of the repairs to Rochester’s car was $637.12, 
and pictures of Acevedo’s car showed only minor damage. The jury heard 
testimony that Rochester was able to get out of his car, exchange information 
with Acevedo, and drive himself home. Rochester told Acevedo at the scene that 
he was all right, and the police officer called to the scene did not write a 
report because there were no injuries or witnesses. Rochester sought no medical 
treatment for his alleged injuries until eleven days after the accident, and 
only at the recommendation of his attorney. Rochester did not miss any work due 
to the accident. The injuries Rochester complained of were primarily subjective, 
such as headaches, neck pain, and muscle tension. And although Rochester 
testified that he is unable to participate in the same activities he enjoyed 
before the accident, he also testified that he has been snorkeling and 
snowmobiling since the accident. Additionally, Rochester testified to sustaining 
two previous injuries to his neck very similar to the injury he said this 
accident caused.
        As 
an appellate court, we must defer credibility assessments to the jury when the 
issues concern the weight to be given to testimony. Herbert v. Herbert, 
754 S.W.2d 141, 144 (Tex. 1988). The jury was free to disbelieve that the 
treatment received by Rochester was necessary for injuries sustained in the 
accident. See McGuffin v. Terrell, 732 S.W.2d 425, 428 (Tex. App.–Fort 
Worth 1987, no writ). The jury apparently did not believe Rochester’s 
testimony as to the severity of his injuries and pain and had a duty to fix an 
amount it believed was reasonable and necessary for any injury received by 
Rochester that it may have found resulted from the collision. See id. 
(holding sum of $50.00 was a reasonable and necessary amount for the examination 
and treatment of appellant for injury resulting from collision). We hold that 
the jury finding awarding Rochester zero damages was not so against the great 
weight and preponderance of the evidence so as to be clearly wrong or manifestly 
unjust. We overrule Rochester’s second issue.
        Because 
we have held that the evidence is factually sufficient to support the jury’s 
award of zero damages, we need not reach Rochester’s first issue claiming that 
the jury’s allocation of forty percent liability to him was supported by 
factually insufficient evidence. See Tex. R. App. P. 47.1 (requiring court of 
appeals to address only issues necessary to final disposition of the appeal). 
Accordingly, we affirm the trial court’s judgment.
   
   
                                                          SUE 
WALKER
                                                          JUSTICE
   
   
PANEL 
A:   LIVINGSTON, DAUPHINOT, and WALKER, JJ.
 
DELIVERED: 
May 12, 2005


NOTES
1.  
See Tex. R. App. P. 47.4.