NO. 07-04-0033-CV



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL A



DECEMBER 6, 2005



______________________________


 

JOHN REYNA, JR. AND AIDE REYNA, APPELLANT



V.



JAIME RODRIGUEZ ALDACO, APPELLEE


_________________________________



FROM THE 154TH DISTRICT COURT OF LAMB COUNTY;



NO. 15884; HONORABLE FELIX KLEIN, JUDGE


_______________________________




Before REAVIS and CAMPBELL and HANCOCK, JJ.

MEMORANDUM OPINION


 Appellants John and Aide Reyna appeal a take-nothing judgment in their suit arising
from a pickup truck collision. We will affirm.

 The collision occurred on FM 168 in rural Lamb County in December 2001. As the
Reynas were driving home from their jobs in Lubbock, they approached two pickup trucks
moving slowly on the right side of the roadway. The front truck was being driven along the
right shoulder of the highway by Jaime Rodriguez Aldaco. Just before the Reynas reached
Aldaco's truck, Aldaco turned left to cross the road. The Reynas' truck struck Aldaco's
vehicle, veered off the roadway and overturned. The Reynas were taken by ambulance
to a hospital emergency room where they were examined for injuries. The ambulance
service records indicate complaints of pain but noted "no obvious injuries." Hospital
records indicate John was diagnosed with a contused elbow and half-inch cut on one hand. 
Aide was diagnosed with neck and ankle sprains. Her hospital records also recite her right
ankle was swollen with an "abnormal" appearance. X-rays of both appellants found no
fractures or other abnormalities. The Reynas were discharged with Aide receiving
prescriptions for pain medication. 

 Twelve days after the collision, the Reynas began seeing Dr. Jack McCarty at
Caprock Medical Associates in Lubbock. He recommended Aide Reyna take one to two
weeks off work and provided a course of therapy including hot packs, manipulation,
electro-stimulation and stretching. McCarty provided similar treatment to John Reyna but
did not recommend time off work. 

 The Reynas filed suit against Aldaco for negligence, seeking at trial to recover
damages for physical pain and mental anguish, Aide's lost wages, physical impairment and
medical expenses. Aldaco asserted the negligence of John Reyna as an affirmative
defense. The case was tried to a jury which found each driver was 50 percent responsible
for the collision. It also answered zero to each of the elements of damages sought by the
Reynas. The trial court rendered a take-nothing judgment in conformity with the jury's
verdict. 

 Appellants present three issues for our review asking first, whether the jury's denial
of any recovery of medical expenses was against the great weight and preponderance of
the evidence, second, whether the denial of recovery for physical pain, mental anguish, lost
wages and physical impairment was against the great weight of the evidence and third,
whether the jury's finding John Reyna was 50 percent responsible for the injuries was
against the great weight and preponderance of the evidence. 

 When a party attacks the factual sufficiency of an adverse finding on which they
have the burden of proof, they must demonstrate the finding is against the great weight
and preponderance of the evidence. Dow Chemical Co. v. Francis, 46 S.W.3d 237, 242
(Tex. 2001). In reviewing such a challenge courts of appeals must consider and weigh all
of the evidence, not just evidence which supports the verdict. See Maritime Overseas
Corp. v. Ellis, 971 S.W.2d 402, 406-07 (Tex. 1998); Ortiz v. Jones, 917 S.W.2d 770, 772
(Tex. 1996). Our review must recognize that the jury is the sole judge of the credibility of
witnesses and the weight to be given their testimony. Golden Eagle Archery, Inc. v.
Jackson, 116 S.W.3d 757, 761 (Tex. 2003). We may set aside the verdict only if it is so
contrary to the overwhelming weight of the evidence that the verdict is clearly wrong and
unjust. Cain v. Bain, 709 S.W.2d 175, 176 (Tex. 1986); McGuffin v. Terrell, 732 S.W.2d
425, 427 (Tex.App.-Fort Worth 1987, no writ). 

 Appellants first challenge the jury's answers of zero on appellants' past medical
expenses. A plaintiff seeking to recover medical expenses bears the burden of
establishing not only what expenses were incurred, but that the treatment was necessary
and the amount charged was reasonable. Burris v. Garcia, No. 04-03-0361-CV, 2005 WL
839442 (Tex.App.-San Antonio April 13, 2005, no pet.) (mem. op.), citing Carr v. Galvan,
650 S.W.2d 864, 868 (Tex.App.-San Antonio 1983, writ ref'd n.r.e.); Rodriguez-Narrea v.
Ridinger, 19 S.W.3d 531, 532 (Tex.App.-Fort Worth 2000, no pet.) (and cases cited
therein). Aldaco did not contest the amount of medical expenses appellants assert they
incurred. He argues the jury could have found any injuries suffered by appellants did not
merit medical treatment. 

 Appellants argued to the jury that the necessity and reasonableness of the medical
expenses they incurred was established by the medical bills and supporting affidavits from
non-expert records custodians filed pursuant to section 18.001 of the Civil Practice &
Remedies Code (Vernon 1997). They present the same contention on appeal, arguing that
Aldaco presented no evidence that the medical care was unnecessary or the expenses
unreasonable. Affidavits under section 18.001 address three elements of a claim for
medical expenses: (1) the amount of the charges, (2) the reasonableness of the charges,
and (3) the necessity of the service. Barrajas v. VIA Metro. Transit Auth., 945 S.W.2d 207,
208 (Tex.App.-San Antonio 1997, no pet.). The statute also allows a non-expert to state
the services provided were reasonable and necessary. Castillo v. American Garment
Finishers Corp., 965 S.W.2d 646, 654 (Tex.App.-El Paso 1998, no pet.). An
uncontroverted affidavit is sufficient to support affirmative findings on those elements within
its ambit. § 18.001(b). Here, no opposing affidavits were filed. 

 Even uncontroverted affidavits filed under section 18.001, however, do not
conclusively establish a plaintiff's entitlement to recover medical expenses. Barrajas, 945
S.W.2d at 208. (1) The jury was not bound by the statements contained within the affidavits
filed by appellants affirming the necessity of the services reflected in the medical bills and
the reasonableness of the charges. A factfinder is not bound by the opinion of an expert
witness on the necessity of medical treatment, Ponce v. Sandoval, 68 S.W.3d 799, 806
(Tex.App.-Amarillo 2001, no pet.); see Walker v. Ricks, 101 S.W.3d 740, 748
(Tex.App.-Corpus Christi 2003, no pet.), and nothing in section 18.001 makes the
statements of non-expert affiants on the issues of reasonableness and necessity any more
binding on factfinders than the live testimony of a medical expert.

 With respect to the medical expenses John incurred, in addition to the section
18.001 affidavits and medical bills the record contains documentary evidence and
testimony indicating John suffered a contused elbow and a half-inch cut on his hand. The
ambulance record for John listed his injury level as "none" with no obvious injuries and that
he was able to "move . . . all extremities well." The emergency room record shows he
received x-rays but does not indicate any medical treatment provided to John. The "plan"
section of the emergency room report did not list any future medical treatment. Dr.
McCarty's records show a diagnosis of a contused right elbow. We cannot say a jury
determination that these injuries did not merit transportation to an emergency room in an
ambulance and just under $1,000 of therapy with hot and cold packs, manipulation and
electrical stimulation was so against the great weight of the evidence as to be clearly wrong
and manifestly unjust. 

 The ambulance record for Aide lists her injury level as minor with no obvious
injuries. It states no swelling or deformity was noted on her right ankle. Aide's emergency
room records indicated she suffered from neck and ankle sprains, the records noting her
ankle was swollen. The "assessment" and "plan" sections of her emergency room record
did not list future medical treatment. The jury also heard that neither appellant received
further medical treatment until twelve days after the collision. For her injuries (2) Aide
received from Dr. McCarty just under three months of therapy at a cost of $3,227.00. 
Viewing all the evidence we cannot say the jury's denial of recovery for medical expenses
was so against the great weight of the evidence as to be clearly wrong and unjust. 
McGuffin, 732 S.W.2d at 428-29. We overrule appellants' first issue.

 In their second issue, appellants assign error to the denial of any recovery for pain
and mental anguish, lost wages and physical impairment. They contend that where, as
here, a jury is presented with uncontroverted evidence of objective injuries, a verdict
awarding no damages for pain and suffering and mental anguish is against the great
weight and preponderance of the evidence. They also argue the facts established at trial
are similar to those of several cases in which jury findings of zero damages for pain and
suffering were reversed. Relying on the same authority, Aldaco contends that because the
evidence of injuries and pain was primarily subjective, we should not disturb the jury's
denial of any recovery for pain and suffering.

 The Dallas Court of Appeals' review of case law on the subject in Blizzard v.
Nationwide Mutual Fire Ins. Co., 756 S.W.2d 801 (Tex.App.-Dallas 1988, no pet.), led that
court to conclude the cases "perhaps indicate that appellate courts are more reluctant to
hold jury findings of no damages for pain and suffering contrary to the great weight and
preponderance of the evidence when the indicia of injury and damages are more subjective
than objective." Id. at 805. Recognizing the difficulty in applying such a rule it went on to
find "In the end, we must be guided by the general rule that the finding of the jury is entitled
to great deference by the appellate court unless the record reflects that the jury was
motivated by passion, prejudice, or something other than conscientious conviction." Id. 

 The Fort Worth Court of Appeals conducted a similar review in Hammett v.
Zimmerman, 804 S.W.2d 663 (Tex.App.-Fort Worth 1991, no writ). It summarized cases
supporting a rule that uncontroverted evidence of an objective injury establishes
entitlement to some award of pain. Id. at 664. It gave equal recognition to the correlative
position that a jury may deny such damages if the injuries are subjective in nature. Id. at
665 (citing Blizzard). Other courts, including this court, have applied an analysis based on
the objective/subjective distinction to cases in which juries have found liability but denied
recovery for pain and suffering. See, e.g., Horton v. Denny's Inc., 128 S.W.3d 256, 260
(Tex.App.-Tyler 2003, pet. denied) (citing cases and applying rule to denial of medical
expense recovery); Lamb v. Franklin, 976 S.W.2d 339, 342 (Tex.App.-Amarillo 1998, no
pet.). (3) 

 The objective manifestations of Aide's injuries, emphasized by appellants at oral
argument, include the evidence that her ankle was swollen and that she suffered a
contusion to her chest from the shoulder strap of the seat belt. (4) Aide's primary complaints
of pain following the accident, however, do not concern her ankle or the contusion to her
chest. On appeal Aide refers to the testimony of her friend Alice Guerrero and her co-worker Priscilla Ramirez concerning the effects of pain on her activities. Guerrero's
testimony described the discomfort Aide suffered in her back. Ramirez testified to Aide's
description of pain radiating from her neck down her arm, and of pain in her shoulder. She
also testified to Aide's frequent headaches. Aide's own testimony at trial contained
numerous references to the pain she experienced in her back and side, and to her severe
headaches. The reports of pain contained in Dr. McCarty's periodic records during his
treatment of Aide also refer primarily to her neck and back. Viewed as a whole, the
evidence on which Aide relies relates chiefly to injuries other than her objective injuries of
a swollen ankle and bruised chest. The evidence supporting Aide's damages from pain
and suffering is thus more subjective than objective.

 Sansom v. Pizza Hut of East Tex. Inc., 617 S.W.2d 288 (Tex.Civ.App.-Tyler 1981,
no writ), is illustrative of the cases appellants cite. Sansom injured her ankle when she
stepped in a hole as she was leaving a restaurant. Id. at 289. The jury apportioned
responsibility equally between Sansom and the restaurant, and awarded her $2,000 for
past medical expenses but denied any recovery for pain. The appellate court concluded
the jury's finding was against the great weight of the evidence. Id. at 293. Like the other
cases appellants cite, (5) Sansom is to be distinguished because the plaintiff's complaints of
pain comported with her objective symptoms. Id. at 294. Sansom's objective injuries were
to her ankle, and pain in her ankle formed the basis of her claim for physical pain. Id. at
290-91. Here, Aide's objective injury was a swollen ankle but she primarily complains of
pain elsewhere. (6) 

 The objective evidence of John's injuries is his testimony and medical records that
he had a cut on his hand and contusion of his elbow. With regard to John's claim for pain
and suffering, appellants cite Porter v. General Tel. Co., supra. In Porter, the evidence
showed the plaintiff suffered lacerations on her arms from an automobile collision. The jury
awarded $1,500 in medical expenses but denied a recovery for pain. 736 S.W.2d at 204. 
The appellate court reversed and remanded for a new trial. Id. at 205. The brief
descriptions of the cuts in the opinion offer little basis on which to compare those injuries
to the single half-inch cut suffered by John. Medical testimony in Porter indicated, though,
that one of the wounds required treatment by cleaning. Id. The jury here was not required
to accept John's testimony, which was not supported by the medical records, that his cut
required stitches. 

 As we read the record, John's complaints of pain in his elbow must be regarded as
more subjective than objective. It is not clear from the medical records, for instance, what
objective evidence showed that the elbow was "contused." During his testimony, John
most often used the term "sore" when describing his elbow's condition following the
accident. He testified also that the emergency room physician did not prescribe pain
medication for him, but advised over-the-counter medications. The jury could have
concluded that John's injuries were so minor as not to merit an award for pain and
suffering. See Biggs v. GSC Enterprises, Inc., 8 S.W.3d 765, 769 (Tex.App.-Fort Worth
1999, no pet.) (mere fact of injury does not prove compensable pain and suffering). 

 Viewing all the evidence before the jury in light of the case authority discussed, we
find the jury's denial of an award of pain and suffering to either plaintiff was not so against
the great weight of the evidence as to be clearly wrong and manifestly unjust. 

 Appellants also challenge the denial of any recovery for physical impairment and
Aide's lost wages. As evidence of her physical impairment, they cite testimony that Aide
is no longer able to play basketball, has pain when taking walks and is no longer able to
"fully enjoy dancing." The supreme court discussed the requirements for an award of
damages for physical impairment in Golden Eagle, 116 S.W.3d at 763, et seq. That
discussion confirms previous case law holding that the effect of a plaintiff's physical
impairment must be substantial and extend beyond any pain, suffering, mental anguish,
lost wages or diminished earning capacity. Id. at 772. (7) Appellants' cited evidence of Aide's
physical impairment comes entirely from their testimony and that of their friend Alice
Guerrero. Although the jury was not instructed concerning the meaning of physical
impairment, we find the jury's apparent evaluation of the substance and extent of Aide's
physical impairment was not clearly wrong or manifestly unjust. 

 As evidence of Aide's lost wages, appellants rely primarily on Dr. McCarty's "health
status certificate" that Aide not work for one week and her testimony that she made $8.75
per hour. They argue this established she lost wages of $490 and was entitled to recover
this amount. The jury was not bound by the evidence of Dr. McCarty's opinion that Aide
should not work for one week. Ponce, 68 S.W.3d at 806. Aide also testified her absence
from work was due to the pain she experienced. To the extent her claim to these damages
depended on that necessarily subjective basis, the jury's evaluation of her credibility and
demeanor must be afforded significant deference. Id. Based on the record before us, we
cannot say the jury's resolution of those matters and denial of any recovery for lost wages
was so against the great weight of the evidence as to be clearly wrong and manifestly
unjust. We overrule appellants' second issue.

 Our overruling of appellants' issues challenging the jury's findings that appellants
suffered no compensable damages requires that we affirm the take-nothing judgment. 
Discussion of their third issue is thus not necessary to our disposition of the appeal. We
affirm the trial court's judgment. 


 James T. Campbell

 Justice







 
1. See Grove v. Overby, No. 03-03-0700-CV, 2004 WL 1686326 (Tex.App.-Austin
July 29, 2004, no pet.) (mem. op.) (section 18.001 affidavits not conclusive on
reasonableness or necessity of charges despite absence of controverting affidavit), issued
after appellants filed their brief in this appeal. See also Sloan v. Molandes, 32 S.W.3d 745,
752 (Tex.App.-Beaumont 2000, no pet.); Beauchamp v. Hambrick, 901 S.W.2d 747, 748
(Tex.App.-Eastland 1995, no writ). 
2. Neither Dr. McCarty nor any other medical expert testified. Dr. McCarty's records
contain this diagnosis from his initial examination of Aide: (1) acute cervical strain, (2)
acute thoracic strain, (3) acute upper lumbar strain, and (4) first degree sprain of the right
ankle. The jury was not provided any evidence of the meaning of the terms "acute" and
"first degree." 
3. See also Golden Eagle, 116 S.W.3d at 775, in which the supreme court,
discussing evidence that overlaps categories of damages for physical injury, cautioned that
the jury's discretion to resolve conflicting evidence about the existence and severity of
physical injury and associated pain "does not mean, however, that a verdict awarding no
damages for pain and suffering should be upheld on appeal if there is objective,
undisputed evidence of a significant injury and the jury could not have compensated the
injured party in some other category of damages."
4. As noted, the emergency room report indicates her right ankle was swollen and
"abnormal" in appearance. Dr. McCarty's report from his initial examination twelve days
after the accident contains the statement, "Some soft tissue swelling is noted around the
right ankle." McCarty's report a week later refers to the swelling as "minimal," and swelling
is not noted thereafter in his periodic reports. The contusion to Aide's chest also is noted
in the emergency room report. Dr. McCarty's report of his initial examination describes it
as a "resolving hematoma." It is not mentioned again in the records.
5. Appellants also compare the evidence of their injuries with those described in
Hammett, 804 S.W.2d at 668 (comparing objective evidence of injury to one plaintiff
through medical testimony of analysis of x-ray with absence of such evidence of injury to
second plaintiff), Davis v. Davison, 905 S.W.2d 789 (Tex.App.- Beaumont 1995, no writ)
(pain from objective burn injury), Russell v. Hankerson, 771 S.W.2d 650 (Tex.App.-Corpus
Christi 1989, writ denied) (with conflicting evidence of fracture to foot, court found
"objective symptoms of injury" in severe swelling of foot and black discoloration indicating
bleeding of tissues), Porter v. General Tel. Co., 736 S.W.2d 204 (Tex.App.-Corpus Christi
1987, no writ) (lacerations), and Monroe v. Grider, 884 S.W.2d 811 (Tex.App.-Dallas 1984,
writ denied) (fractured wrist). The subjective nature of Aide's primary complaints
distinguishes her claim for pain and suffering from those asserted in these cases.
6. Too, the appeals court in Sansom gave significance to the jury's finding that the
plaintiff had suffered a compensable injury, as shown by its award of medical expenses. 
Id. at 293. The jury here did not award damages for medical expenses, or for any other
category of damages. 
7. The court also instructed that review of the factual sufficiency of evidence
supporting jury findings on claimed physical impairment damages must take into account
the extent to which the jury may have compensated the plaintiff for such damages through
its award in another category of damages. Id. at 773. In this case, of course, the jury
awarded no damages in any category.