**Michael P. PRESCOTT, Appellant,**

v.

**The KROGER COMPANY and Stafford Properties Development Company, Appellees.**

**No. 01–92–00979–CV.**

Court of Appeals of Texas, Houston (1st Dist.).

April 21, 1994.

Rehearing Denied June 16, 1994.

Richard Schechter, Houston, for appellant.

Brock C. Akers, Evelyn T. Ailts, John Guest, Houston, for appellees.

Before OLIVER–PARROTT, C.J., and O'CONNOR and WILSON, JJ.

**OPINION**

WILSON, Justice.

Appellant, Michael Prescott, sued appellees, The Kroger Company (Kroger) and

Stafford Properties Development Company (Stafford) for injuries he suffered while making a delivery to a Kroger store located in a shopping center owned by Stafford. The jury returned a verdict finding Prescott 50 percent negligent, Kroger 25 percent negligent, and Stafford 25 percent negligent. The jury assessed Prescott's damages at $55,000 for past loss of earning capacity, $24,000 for past medical expenses, and $8,200 for future medical expenses. The jury found no damages for future loss of earning capacity, past physical pain, future physical pain, past mental anguish, future mental anguish, past physical impairment and future physical impairment. Prescott appeals the jury's failure to award damages for past physical pain, past mental anguish, and past physical impairment as against the great weight and preponderance of the evidence. Prescott also appeals the court's failure to grant the motion for new trial as an abuse of discretion. We reverse and remand for a new trial.

■ Prescott's first point of error contends the jury's failure to award damages for past physical pain to a man who underwent back surgery is so against the great weight and preponderance of the evidence as to be manifestly unjust and clearly wrong. This point of error presents a challenge to the factual sufficiency of the evidence. We will consider and weigh all the evidence, both supporting and against the finding of zero damages, in order to decide whether the verdict should be set aside. *Pool v. Ford Motor Co.* 715 S.W.2d 629, 635 (Tex.1986). An appellate court must show great deference to the findings of a jury. *Herbert v. Herbert,* 754 S.W.2d 141, 143 (Tex.1988). We will uphold the jury's verdict unless it is so against the great weight and preponderance of the evidence as to be manifestly unjust or shocking to the conscience. *Pool,* 715 S.W.2d at 635; *Cain v. Bain,* 709 S.W.2d 175, 176 (Tex.1986); *In re King's Estate,* 150 Tex. 662, 244 S.W.2d 660, 662 (1951). In evaluating appellant's first point of error, we summarize all the evidence relevant to past physical pain in light of this standard.

■ Prescott was an employee of the Dr Pepper Company who delivered products to grocery and convenience stores. On September 11, 1987, while he was making a delivery to the Kroger store located in Stafford, he injured his back. Prescott was rolling a six-wheel cart loaded with products up a ramp to the back entrance of the store. Apparently, one of the wheels got "caught," and the cart stopped rolling. Prescott testified that one of the wheels was caught in a small hole on the ramp. Due to loose gravel around the ramp, Prescott could not get sufficient traction to push the cart clear of the hole. Prescott attempted to let the cart roll back down the ramp, however the products on the cart shifted and caused the cart to begin tipping over. Prescott attempted to hold the cart up and stabilize it. A Kroger employee, seeing his difficulty, assisted him. While stabilizing the cart, Prescott injured his back.

Prescott continued his work that day, making more deliveries. The next day, a Saturday, Prescott worked shelving products in the stores. He reported a great deal of pain on Saturday, and that evening, his wife took him to Alvin Community Hospital. The doctor there prescribed pain pills and muscle relaxers. The doctor also instructed Prescott to see a doctor on Monday. Mrs. Prescott reported that her husband was in pain the remainder of the weekend.

Monday, Prescott went to see the company doctor at Dr Pepper, Dr. Beucher, who advised him to see an orthopedic surgeon. Dr. Beucher prescribed pain medication for appellant. Prescott chose Dr. Landon as his orthopedic surgeon based on a previous reference.

Prescott saw Dr. Landon on Wednesday. Dr. Landon made the following findings: (1) No limp, walk fine; (2) muscle strength fine; (3) no muscle atrophy or sprainage; and (4) x-ray unimpressive. Dr. Landon also found Prescott had limited bending and his straight leg raising tests showed his left side to be "a little bit positive." This indicated to the doctor that there may have been pressure on a nerve in Prescott's back. Prescott's left ankle reflexes were also diminished, which was another indication that there was pressure on a nerve. Dr. Landon's diagnosis was "typical back strain," and he prescribed physical therapy.

Prescott testified that the physical therapy relieved the muscle spasms, but that he still experienced back pain. He also began experiencing pain that radiated down his legs.

Dr. Landon performed additional tests, which included a CAT scan and a mylogram. The CAT scan showed two bulging disks in Prescott's back, which, standing alone, are not clinically significant. The doctor prescribed an epidural steroid injection to reduce inflammation in the back. This was not successful in reducing the pain. A mylogram was performed, showing a herniated disk in his lower back. Based on this information, Dr. Landon performed surgery in December of 1987 on Prescott's back to "remove the ruptured part of the disk and free up the nerve." Prescott and his wife each testified that the surgery was painful. This surgery was successful, although appellant still reported pain.

Prescott and his wife both testified extensively about the amount of physical pain appellant experienced. Each testified about the pain associated with the initial injury. They testified he experienced a great deal of pain and discomfort, and took prescription muscle relaxers and pain medication. Prescott testified the cortisone injection was painful. Each testified he experienced pain and headaches with the mylogram. They each testified the surgery was extremely painful. They reported nausea and vomiting immediately after the surgery, and that he experienced a great deal of pain immediately after the surgery and during recovery. No testimony was offered supporting appellees' position that this pain was minimal.

In April 1988, Prescott reported pain in his back, but rarely experienced pain in his leg. In response to this, Dr. Landon ordered an EMG to determine if there was nerve damage. This test suggested that was some pressure on a nerve in Prescott's back below the area where the surgery had been performed. An MRI was then performed, which indicated that scar tissue had formed as a result of surgery. The doctor further testified that scar tissue can cause pain such as that Prescott reported. Another CAT scan and mylogram were performed, which indicated that there was nothing else pressing on the nerve below the level of the surgery. Dr. Landon testified the X-rays, CAT scans, mylograms, and MRI revealed physical objective problems that explained and correlated with the pain appellant reported. Dr. Landon also testified the injury was a painful injury.

Dr. Landon was questioned on cross-examination about secondary gain and functional overlay. Secondary gain describes a patient whose progress is slower due to litigation. Functional overlay describes a patient who reports physiologically unexplainable pain. Dr. Landon testified appellant never exhibited behavior consistent with functional overlay or secondary gain.

Appellees argue other physical ailments not attributable to this injury contributed to appellant's complaints, and therefore a zero award is not against the great weight and preponderance of the evidence. However, the jury did award appellant damages for past medical expenses attributable to the Kroger incident. Therefore, the testimony shows the surgery and other medical treatment were a result of the accident at issue, rather than his previous injuries. Other injuries could not have been responsible for any pain associated with procedures directly attributable to this injury. Further, appellees offered no medical testimony linking any previous injuries to present evidence of pain.

Appellees argue that because Prescott continued working on the day of the injury and did not seek immediate attention to his injuries, the zero verdict for past physical pain is proper. Dr. Landon testified that pain of this nature may not show up until the day after an injury. Additionally, appellant does not claim pain only on the day of the accident, but claims pain throughout his course of treatment that the jury attributed to the Kroger incident.

In August 1988, Dr. Landon permanently restricted Prescott from his employment because of the bending, stooping, and lifting involved, and released Prescott from his care. He also recommended Prescott for vocational rehabilitation so that he could be retrained for another job. Prescott attended classes and received his GED. In the fall of 1989, he

took an electronics course. In January 1990, he enrolled in an 18–month computer repair class, graduating in July 1991. As of December 1991, he was unable to find a job. Dr. Landon testified that Prescott is physically able to work with the restrictions.

Appellees contend, in support of the jury verdict of no damages for physical pain, that after surgery Prescott was able to sit in class for four hours each night, refuting claims of physical pain. The fact that Prescott was able to sit in class does not refute the testimony that he may have been in pain before his surgery when the nerve had pressure on it, or experienced pain associated with the surgery.

Appellees argue appellant was prescribed pain medication only once during his recuperation, supporting a jury verdict of no damages. However, Prescott's wife testified he received pain medication in the emergency room, as well as from Dr. Beucher. Dr. Landon testified he prescribed a drug to treat severe pain. Additionally, Prescott and his wife both testified he frequently took over-the-counter pain medication.

Appellees argue the jury could have found Prescott suffered only minimal physical pain. However, appellees have not directed our attention to any evidence supporting that there was only minimal pain associated with the back surgery and other medical treatment. Certainly, the jury is free to disbelieve Prescott's testimony concerning the pain he experienced. However, Prescott presented evidence demonstrating an objective cause for the pain he reported. This evidence included the test results, both before and after surgery, and the back surgery itself. This type of objective evidence, which went unchallenged by other medical evidence, is convincing evidence of physical pain. This objective evidence adduced at trial supports a finding of significant pain accompanying this surgery.

The jury found, by its award of past medical expenses, that the surgery and accompanying medical treatment were a result of the incident at Kroger. No testimony was offered that the pain associated with back surgery and other medical procedures was minimal. Objective evidence strongly suggests pain accompanied these procedures. The great weight and preponderance of the evidence supports the conclusion that Prescott experienced some degree of significant pain in the past. The exact amount of pain is within the jury's discretion, but an award of zero damages is a manifestly unjust result in light of the evidence adduced at trial.

We reverse and remand this case for a new trial because the jury verdict awarding zero damages for past pain and suffering is so against the great weight and preponderance of the evidence that the verdict is manifestly unjust. Because of this conclusion, we do not consider Prescott's remaining points of error.