731 So.2d 197 (1999)
Lori Ann SIMS, Individually and on Behalf of the minor child, Robert Spencer Heard
v.
STATE FARM AUTOMOBILE INSURANCE COMPANY, et al.
No. 98-C-1613.
Supreme Court of Louisiana.
March 2, 1999.
Rehearing Denied April 1, 1999.
*198 Graydon K. Kitchens, III, Kitchens, Benton, Kitchens & Warren, Minden, for Applicant.
Tommy J. Johnson, Tyler & Johnson, Shreveport, for Respondent.
PER CURIAM.[*]
We granted certiorari in this case to determine whether the court of appeal erred in modifying the allocation of fault made by the jury. After reviewing the record, we conclude the jury's allocation of fault was not clearly wrong. Accordingly, we reverse the court of appeal's judgment as to allocation of fault and reinstate the trial court's judgment on this issue.

FACTS AND PROCEDURAL HISTORY
On the evening of March 19, 1993, Lori Ann Sims, then eighteen years of age, left the town of Haynesville and drove south on U.S. Highway 79 to meet some friends in Homer. A light misting rain was falling, and Ms. Sims had her headlights and windshield wipers on. As she came over a small crest in the road[1] about one mile south of Haynesville, Ms. Sims saw a tanker-trailer driven by James Kirkpatrick. Kirkpatrick was in the process of making a right turn from the road into his driveway, and the tanker-trailer obstructed the southbound lane and part of the northbound lane. Ms. Sims failed to stop in time; she struck the side of the tanker, and her vehicle became trapped beneath the spare tire carrier in the tanker's midsection.
Subsequently, Ms. Sims, individually and on behalf of her minor child, filed the instant suit against Kirkpatrick, Roberson Trucking Company (the owner of the tanker-trailer), and its insurer, State Farm Mutual Automobile Insurance Company. The case was tried before a jury. At the conclusion of trial, the jury returned a verdict finding plaintiff 80% at fault in causing the accident. Defendants were assessed fault of 20%. The jury awarded plaintiff $20,000 in general damages and $6,900 in special damages; the jury declined to award damages to plaintiff's son for loss of consortium. The trial court signed a judgment in accordance with the jury's verdict.
*199 Plaintiff appealed. The court of appeal amended the trial court's judgment to allocate 20% fault to plaintiff and 80% fault to defendants. The court of appeal also increased plaintiffs award for medical expenses to $21,524. In all other respects, it affirmed the trial court's judgment.[2]
Upon defendants' application, we granted certiorari solely to address the issue of the allocation of fault between the parties.[3]

DISCUSSION
It is well settled that a jury's finding of fact may not be set aside on appeal in the absence of manifest error or unless it is clearly wrong. Stobart v. State, Through DOTD, 617 So.2d 880 (La. 1993). Even though an appellate court may feel its own evaluations and inferences are more reasonable than the factfinder's, reasonable evaluations of credibility and reasonable inferences of fact should not be disturbed upon review where conflict exists in the testimony. Rosell v. ESCO, 549 So.2d 840 (La.1989); Arceneaux v. Domingue, 365 So.2d 1330 (La. 1978). The allocation of fault between comparatively negligent parties is a finding of fact. Clement v. Frey, 95-1119 (La.1/16/96), 666 So.2d 607. With these precepts in mind, we now turn to an examination of the record to determine whether the jury's allocation of fault in the instant case was manifestly erroneous or clearly wrong, such that the court of appeal was justified in reallocating fault.
Plaintiffs contention at trial was that she was unable to perceive the tanker-trailer in her path until she was too close to stop. In support of her position, plaintiff presented the testimony of Andrew McPhate, an accident reconstruction expert. Mr. McPhate estimated that plaintiff was less than two hundred feet from the tanker-trailer at the point she was able to recognize it in her path. He stated that this was due to a combination of factors: the tanker (including its lights) was dirty and therefore was not highly reflective; it was raining and plaintiffs windshield wipers interrupted her field of vision; and the tanker-trailer was moving slowly as it made the turn into the driveway, making it more difficult to see.
By contrast, defendants' accident reconstruction expert, John Bentley, opined that the cause of the accident was plaintiffs inattention. He testified that plaintiff had sufficient time and distance to stop, and that the accident could have been avoided had she kept a proper lookout. Mr. Bentley estimated that plaintiff should have been able to see the lights on the tanker-trailer at a distance of at least six hundred feet from the defendant's driveway. According to his calculations, a vehicle traveling at 55 m.p.h. can brake to a complete stop on wet asphalt in two hundred feet; therefore, Mr. Bentley concluded that if plaintiff had been attentive to what was ahead of her, she would have had more than sufficient distance to stop safely. Because she was unable to do so, Mr. Bentley concluded that plaintiff must have momentarily taken her eyes from the roadway.
Faced with two different explanations of the facts, the jury concluded defendants' theory of the case was more credible. Given the expert testimony produced by defendants, combined with plaintiff's own admission that she saw the tanker-trailer as she came over the crest in the road, the jury could reasonably conclude that plaintiff had sufficient time to stop her vehicle prior to hitting the tanker-trailer, and that her negligence in failing to stop in time was the principal cause of the accident. This conclusion is supported by the record, and is not clearly wrong. Accordingly, the *200 court of appeal erred in substituting its judgment as to allocation of fault for that of the jury, and this portion of its judgment must be reversed.

DECREE
For the reasons assigned, the judgment of the court of appeal is reversed insofar as it amends the trial court's judgment with respect to allocation of fault. That portion of the trial court's judgment allocating eighty percent of the fault for this accident to plaintiff, Lori Ann Sims, and twenty percent of the fault to defendants, James Kirkpatrick, Roberson Trucking Company, and State Farm Mutual Automobile Insurance Company, is reinstated. All costs in this court are assessed against plaintiff.
CALOGERO, C.J., dissents and assigns reasons.
JOHNSON, J., dissents.
CALOGERO, C.J., dissenting.
It is true that the court of appeal should not reverse a district court judgment, particularly in a fact intensive case, unless they can reasonably conclude that the district court was clearly wrong. On the other hand, a case resolved at the court of appeal level, where decided on the facts, should not be reversed by this court in order to correct perceived errors. Ours is not an error-correcting court.
On the merits of the case now before us, I am simply not prepared to say that the court of appeal failed to properly apply the clearly wrong standard in altering the percentage of fault allotted to the plaintiff and defendant. The simple, essential facts of this case alone should preclude a finding that there was greater fault on the part of the plaintiff than on the part of the defendant. This young plaintiff came across a hill, only to find a huge tractor-trailer spanning her entire roadway, a short distance away. Given these facts, which were adopted by both the court of appeal and this court, I would surely find the defendant at least equally at fault, and I would certainly not allocate eighty percent of the fault to the plaintiff. Thus, for the reasons discussed above, I would either affirm the court of appeal or, at the very least, allocate fault equally between plaintiff and defendant. It is my opinion that a rational fact finder could not have imposed on the plaintiff more than fifty percent of the fault which contributed to the occurrence of this accident.
NOTES
[*] Kimball, J. not on panel. Rule IV, Part II, § 3.
[1] Danny Ray Moore, a civil engineer and registered land surveyor, surveyed the portion of Highway 79 between Haynesville and Homer. The survey shows that the distance from the crest in the road to the edge of defendant's driveway is 236.5 feet. Within that distance, there is a fall in elevation of only 1.45 feet, which is equal to a grade of less than 1%.
[2] Sims v. State Farm Mut. Auto. Ins. Co., 30,602 (La.App.2d Cir.5/13/98), 714 So.2d 132.
[3] Sims v. State Farm Auto. Ins. Co., 98-1613 (La.10/9/98), 726 So.2d 13. Since we did not grant certiorari with regard to the other portions of the court of appeal's judgment, we limit our opinion to the allocation of fault issue.