TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-98-00136-CV






Karin McDonald, Appellant



v.



Randy L. Lisch, D.P.M., Appellee







FROM THE DISTRICT COURT OF TRAVIS COUNTY, 345TH JUDICIAL DISTRICT


NO. 97-01117, HONORABLE JOSEPH H. HART, JUDGE PRESIDING







 Appellant Karin McDonald brought a medical malpractice suit against appellee, Dr.
Randy L. Lisch. A jury found Dr. Lisch negligent and awarded Ms. McDonald $2,865 in
damages. The trial court rendered judgment on the jury's verdict. In two issues for review, Ms. 
McDonald argues that the evidence warranted greater damages than the jury awarded and that the
trial court erred in denying her motion for new trial. We will affirm.


FACTUAL AND PROCEDURAL BACKGROUND


 Ms. McDonald sought treatment from Dr. Lisch, a podiatrist, for a painful bump
near the big toe on her right foot. Dr. Lisch diagnosed a bunion (1) and performed surgery. Ms.
McDonald followed all of Dr. Lisch's instructions for post-operative care of her foot. Dr. Lisch's
post-operative treatment included an x-ray. During her recovery, Ms. McDonald never
complained of any pain other than normal post-surgery pain. After a few months, Ms. McDonald
did not report any further pain to Dr. Lisch, and he released her from his care. Nearly one year
later, Ms. McDonald visited a different doctor, Dr. Spears, complaining about pain in the same
foot. Dr. Spears diagnosed a fracture in her foot and arthritis in the big toe joint resulting from
the fracture.

 After Dr. Spears failed to alleviate the pain with further surgery, Ms. McDonald
sued Dr. Lisch for medical malpractice. She sought damages for past and future physical pain,
mental anguish, lost earnings, permanent disfigurement, and physical impairment. Ms. McDonald
also demanded medical expenses of more than $11,000 for costs related to the two surgeries.

 At trial, the parties' expert witnesses gave conflicting testimony on the issues of
negligence and damages. Ms. McDonald presented Dr. Jeffrey Adler, a podiatrist, as an expert
on foot injuries. Dr. Adler opined that Dr. Lisch did not choose the best method of surgery and
that his surgical care fell below the applicable standard. Specifically, Dr. Adler testified that Dr.
Lisch's placement of the surgery site was faulty and created a weakening of the bone structure in
Ms. McDonald's foot that led to a fracture and subsequent onset of arthritis. After reviewing Dr.
Lisch's post-operative x-ray of Ms. McDonald's foot, Dr. Adler stated that an "artifact" on the
x-ray obscured the image of a fracture. He testified that Dr. Lisch's failure to take a second x-ray
was negligent because the artifact prevented him from noticing the fracture. Dr. Adler concluded
that Dr. Lisch was negligent and that his actions proximately caused of all of Ms. McDonald's
injuries.

 To rebut this testimony, Dr. Lisch testified and presented his own expert podiatrist,
Dr. Richard Bellacosa. Dr. Bellacosa testified that Dr. Lisch exercised proper care. First, he
stated that Dr. Lisch chose a responsible and appropriate method of surgery to correct Ms.
McDonald's bunion. Dr. Bellacosa testified that Dr. Lisch's placement of the surgical site was
not negligent because it located the surgical fracture closer to a type of bone that allows optimal
healing. In his own testimony, Dr. Lisch stated that he specifically placed the surgical incision
where the cut would interfere least with the blood flow to the big toe and with the post-operative
healing process.

 Dr. Bellacosa explained that he initially saw no artifact on the post-operative x-ray. 
Upon closer examination, he noticed a line across the bottom of the x-ray; however, he concurred
with Dr. Lisch in stating that it did not obscure the parts of the image that a doctor would examine
in evaluating a patient's post-surgical healing progress. Dr. Bellacosa also observed that the
fracture Dr. Spears diagnosed nearly a year after surgery was not visible on the post-operative x-ray, and pointed out Dr. Spears's observation that Ms. McDonald seemed to be doing well several
months after Dr. Lisch released her from his care. He therefore concluded that it was reasonable
for Dr. Lisch not to repeat the x-ray. Dr. Bellacosa testified that Dr. Lisch was not negligent in
his operative or post-operative treatment of Ms. McDonald and that her injuries were not caused
by any negligence on his part.

 The jury found Dr. Lisch negligent and awarded Ms. McDonald $2,865 in
damages. The trial court rendered judgment for Ms. McDonald in that amount and denied her
motion for new trial based on insufficiency of the evidence. On appeal, Ms. McDonald brings a
factual sufficiency challenge in two issues for review. She argues that the jury's award of only
$2,865 is contrary to the great weight and preponderance of the evidence and that the trial court
erred in denying her motion for new trial. We will address these issues together.


DISCUSSION

 In reviewing a factual sufficiency challenge to a jury verdict, we consider and weigh
all of the evidence both favorable and unfavorable to the verdict. See Cain v. Bain, 709 S.W.2d
175, 176 (Tex. 1986). We will reverse the lower court only if the jury award is so contrary to the
overwhelming weight and preponderance of the evidence as to be clearly wrong or manifestly
unjust. See Pool v. Ford Motor Co., 715 S.W.2d 629, 635 (Tex. 1986); Cain, 709 S.W.2d at
176; In re King's Estate, 244 S.W.2d 660, 662 (Tex. 1951).

 Ms. McDonald argues that the jury was required to award greater damages because
her "injury" was undisputed. We disagree. Although the jury found that Dr. Lisch's negligence
proximately caused injury to Ms. McDonald, that finding did not bind the jury to award all the
damages she sought. The definition of negligence submitted to the jury was as follows:


"Negligence," when used with respect to the conduct of Randy Lisch, means
failure to use ordinary care; that is, failing to do that which a podiatrist of ordinary
prudence would have done in the same or similar surgery or post-operative care,
or doing that which a podiatrist of ordinary prudence would not have done in the
same or similar surgery or post-operative care.



(Italic emphasis added.) Given this definition, the jury was free to determine that some, but not
all, of Dr. Lisch's conduct was negligent. Moreover, Ms. McDonald places undue emphasis on
the word "injury" in the first question put to the jury; (2) she erroneously equates a finding that Dr.
Lisch negligently caused the injury with a finding that the injury he caused was fully responsible
for all of the damages she alleged. Stated another way, the jury was entitled to attribute only a
portion of Ms. McDonald's injuries to Dr. Lisch's negligence.

 Ms. McDonald requested a jury charge with a question for each element of damages
she sought. The trial court denied her request and submitted a global damages question instead. (3) 
Ms. McDonald objected to the charge submitted to the jury, thereby preserving error for appeal;
however, she does not raise this issue on appeal. When a damages issue is submitted in broad
form, an appellate court cannot ascertain with certainty what amount of the damages award is
attributable to each element. See Haryanto v. Saaed, 860 S.W.2d 913, 921 (Tex. App.--Houston
[14th Dist.] 1993, writ denied). We must assume that the jury considered each element listed in
the global damages question and awarded something for each type of damages it determined Dr.
Lisch to have caused. (4) See Hill v. Clayton, 827 S.W.2d 570, 573 (Tex. App.--Corpus Christi
1992, no writ); see also Alarcon v. Circe, 704 S.W.2d 520, 521 (Tex. App.--Corpus Christi
1986, no writ); Edmonson v. Keller, 401 S.W.2d 718, 720 (Tex. Civ. App.--Austin 1966, no
writ). Since we may not presume to know the thought processes of the jury and because Ms.
McDonald failed to obtain jury findings on the separate damages elements, we reject her
argument.

 Ms. McDonald cites a number of cases for the proposition that the inadequacy of
a damage award is reversible error. See Davis v. Davison, 905 S.W.2d 789, 791 (Tex.
App.--Beaumont 1995, no writ) (jury's award of zero damages reversed because plaintiff's
medical bills and pain established by uncontroverted and objective evidence); Monroe v. Grider,
884 S.W.2d 811, 819-20 (Tex. App.--Dallas 1994, writ denied) (zero damage award for past pain
and suffering reversed because jury disregarded uncontroverted medical records documenting
plaintiff's injuries and pain); Prescott v. Kroger, 877 S.W.2d 373, 376 (Tex. App.--Houston [1st
Dist.] 1994, writ denied) (reversing jury's failure to award damages for pain and suffering when
jury found defendant negligent and awarded $32,200 for medical expenses, and plaintiff presented
evidence demonstrating an objective cause of pain); Hicks v. Ricardo, 834 S.W.2d 587, 591-92
(Tex. App.--Houston [1st Dist.] 1992, no writ) (conflicting evidence of plaintiff's injuries would
justify "very modest" jury award, but it was inconsistent for jury to find past mental anguish and
not find future mental anguish where same circumstances likely to recur); Hill, 827 S.W.2d at 574
(jury award of $2,500 held manifestly unjust in light of uncontroverted evidence of almost $9,000
in medical expenses); Hammett v. Zimmerman, 804 S.W.2d 663, 668-69 (Tex. App.--Fort Worth
1991, no writ) (reversing jury's award of zero damages for pain and suffering from car crash when
jury awarded medical damages). We find these cases distinguishable from the present matter.

 In Davis, Monroe, and Hicks, the plaintiff presented uncontroverted evidence of
injuries and the jury found the defendant negligent; however, in each case the jury awarded no
damages. In contrast, the jury in the case before us found the defendant negligent for some act
in performing the surgery or post-operative care, without specifying which act, and awarded some
damages, without specifying which element of damages.

 The appellate courts reversed judgments in Hammett and Prescott because the juries
found negligence and awarded medical expenses but awarded no pain and suffering. See Hammett,
804 S.W.2d at 668-69; Prescott, 877 S.W.2d at 376. The plaintiff in Hammett presented
undisputed medical expert testimony as to the injuries she sustained in an automobile accident. 
See Hammett, 804 S.W.2d at 667. In Prescott, the plaintiff presented objective and unchallenged
evidence, including test results, of the cause of pain. See Prescott, 877 S.W.2d at 376. Although
the exact award for pain and suffering is within the jury's discretion, the court held that an award
of zero damages was manifestly unjust in light of the objective evidence of pain and suffering
adduced at trial. See id. The global damages submission used in the present case distinguishes
this case from Hammett and Prescott because we must assume that the jury did award something
for each element of damages.

 In Hill, the jury awarded some damages on a global damages submission; the
appellate court reversed because the jury award was only a third of the medical expenses proved
at trial. See Hill, 827 S.W.2d at 574. However, the injury in Hill--a gunshot wound--was
directly and unquestionably attributable to the defendant's act of shooting the plaintiff with a
shotgun. See id. at 574. In the case at hand, Ms. McDonald underwent foot operations by two
different surgeons over a span of one year, and the parties presented conflicting expert testimony
on the causal relationship between Dr. Lisch's medical care and Ms. McDonald's injuries. 
Furthermore, appellant alleged that Dr. Lisch was negligent in performing the surgery in a
location that made the foot susceptible to future fractures and in post-operative procedures
involving the reading of an x-ray. The expert testimony conflicted regarding the surgical
procedure and post-operative care. On the charge as submitted, the jury could have failed to find
Dr. Lisch negligent in his surgical care but found him negligent in some post-operative procedure
that made a lesser contribution to appellant's damages. A jury may be unpersuaded by or
disbelieve any witness, including a physician, even if his testimony is not contradicted. See
Novosad v. Mid-Century Ins. Co., 881 S.W.2d 546, 551 (Tex. App.--San Antonio 1994, no writ).
Expert testimony on damages may guide the jury, but the jury is not bound by such testimony. 
Barrajas v. VIA Metro. Transit Auth., 945 S.W.2d 207, 209 (Tex. App.--San Antonio 1997, no
writ). In determining the sufficiency of the evidence, appellate courts must accept the jury's
resolution of any conflicts or inconsistencies in the evidence. See Pool, 715 S.W.2d at 629. The
jury in this case was entitled to find Dr. Lisch negligent but award only those damages that
appellant proved to have proximately resulted from his negligent act or omission. We are not
persuaded that Hill requires reversal of the judgment rendered in this case.

 It was Ms. McDonald's burden to convince the jury by a preponderance of the
evidence that all of the damages she sought were caused by Dr. Lisch's negligence. This she
failed to do. The jury's award of $2,865 is not so contrary to the great weight and preponderance
of the evidence as to be clearly wrong or manifestly unjust. We overrule appellant's two issues.

CONCLUSION

 The jury's finding of negligence did not require it to award all of the damages
appellant seeks. We find the evidence factually sufficient and hold that the trial court did not err
in overruling appellant's motion for new trial. We therefore affirm the trial court's judgment.



 

 Bea Ann Smith, Justice

Before Chief Justice Aboussie, Justices B. A. Smith and Yeakel

Affirmed

Filed: April 8, 1999

Do Not Publish
1. A bunion is an inflammation of a fluid sac (synovial bursa) near the toe joint, resulting in
enlargement of the joint and lateral displacement of the toe.
2. Jury Question 1 asked: "Did the negligence, if any, of Randy Lisch proximately cause the
injury to Karin McDonald?"
3. Jury Question 2 asked:


What sum of money, if paid now in cash, would fairly and reasonably compensate
Karin McDonald for her injuries, if any, that resulted from Randy Lisch's conduct?


Consider the elements of damages listed below and none other. Consider each
element separately. Do not include damages for one element in any other element. 
Do not include interest on any amount of damages you find.


a. Physical pain and mental anguish.


b. Disfigurement.


c. Physical impairment.


d. Medical expenses.


e. Lost wages.


Answer in dollars and cents for damages, if any, that were sustained in the past;


Answer: 


in reasonable probability will be sustained in the future.


Answer: 
4. Ms. McDonald argues that because the category "medical expenses" was circled on question
two of the verdict returned by the jury, along with the fact that the jury's award equals the total
sum charged by Dr. Lisch for his surgery, we must conclude that the jury awarded only Dr.
Lisch's medical expenses as damages. However, in a case with similar facts, the Texas Supreme
Court expressly held that marginal notes are irrelevant and cannot be considered as part of the
jury's verdict in an evidentiary review, reasoning that such notations merely reflect the jury's
mental process in arriving at their verdict. See Thomas v. Oldham, 895 S.W.2d 352, 359 (Tex.
1995). The jury's reasons for reaching a particular verdict are irrelevant, at least in the absence
of some overt act of jury misconduct. See First Nat'l Bank v. Zimmerman, 442 S.W.2d 674, 678
(Tex. 1969).



jury is not bound by such testimony. 
Barrajas v. VIA Metro. Transit Auth., 945 S.W.2d 207, 209 (Tex. App.--San Antonio 1997, no
writ). In determining the sufficiency of the evidence, appellate courts must accept the jury's
resolution of any conflicts or inconsistencies in the evidence. See Pool, 715 S.W.2d at 629. The
jury in this case was entitled to find Dr. Lisch negligent but award only those damages that
appellant proved to have proximately resulted from his negligent act or omission. We are not
persuaded that Hill requires reversal of the judgment rendered in this case.

 It was Ms. McDonald's burden to convince the jury by a preponderance of the
evidence that all of the damages she sought were caused by Dr. Lisch's negligence. This she
failed to do. The jury's award of $2,865 is not so contrary to the great weight and preponderance
of the evidence as to be clearly wrong or manifestly unjust. We overrule appellant's two issues.

CONCLUSION

 The jury's finding of negligence did not require it to award all of the damages
appellant seeks. We find the evidence factually sufficient and hold that the trial court did not err
in overruling appellant's motion for new trial. We therefore affirm the trial court's judgment.



 

 Bea Ann Smith, Justice

Before Chief Justice Aboussie, Justices B. A. Smith and Yeakel

Affirmed

Filed: April 8, 1999

Do Not Publish
1. A bunion is an inflammation of a fluid sac (synovial bursa) near the toe joint, resulting in
enlargement of the joint and lateral displacement of the toe.
2. Jury Question 1 asked: "Did the negligence, if any, of Randy Lisch proximately cause the
injury to Karin McDonald?"
3. Jury Question 2 asked:


What sum of money, if paid now in cash, would fairly and reasonably compensate
Karin McDonald for her injuries, if any, that resulted from Randy Lisch's conduct?


Consider the elements of damages listed below and none other. Consider each
element separately. Do not include damages for one element in any other element. 
Do not include interest on any amount of damages you find.


a. Physical pain and mental anguish.


b. Disfigurement.


c. Physical impairment.


d. Medical expenses.


e. Lost wages.


Answer in dollars and cents for damages, if any, that were sustained in the past;


Answer: 


in reasonable probability will be sustained in the future.


Answer: 
4. Ms. McDonald argues that because the category "medical expenses" was circled on question
two of the verdict returned by the jury, along with the f