KATHLEEN C. PFEFFERLE, ET AL.

VERSUS

HAYNES BEST WESTERN OF
ALEXANDRIA, ET AL.

**********

APPEAL FROM THE
NINTH JUDICIAL DISTRICT COURT
PARISH OF RAPIDES, NO. 226,737
HONORABLE GEORGE C. METOYER, DISTRICT JUDGE

**********

**J. DAVID PAINTER
JUDGE**

**********

Court composed of Sylvia R. Cooks, John D. Saunders, Oswald A. Decuir, Marc T. Amy, and J. David Painter, Judges.

**AFFIRMED AS AMENDED.**

Amy, J., concurs in part, dissents in part, and assigns written reasons.

**Charles R. Sonnier**
**Post Office Drawer 700**
**Abbeville, LA   70511-0700**
**COUNSEL FOR PLAINTIFFS/APPELLANTS:**
    **Kathleen C. Pfefferle and Troy Pfefferle**

**David C. Laborde**
**Bradley G. Frizzell**
 **The LaBorde Law Firm**
**Post Office Box 80098**
**Lafayette, LA   70598-0098**
**COUNSEL FOR PLAINTIFFS/APPELLANTS:**
    **Kathleen C. Pfefferle and Troy Pfefferle**

**Michael J. Remondet, Jr.**
**Jeansonne & Remondet, LLC**
**Post Office Box 91530**
**Lafayette, LA   70509**
**COUNSEL FOR DEFENDANT/APPELLEE:**
    **Haynes Best Western of Alexandria**

**PAINTER, Judge.**

Plaintiffs, Kathleen C. Pfefferle and Troy Pfefferle, appeal a judgment, based on a jury verdict, awarding special damages to Mrs. Pfefferle but no general damages. Plaintiffs further assert that the jury erred in its allocation of fault and in its failure to award any damages for loss of consortium to Mr. Pfefferle and their minor children. We agree that the jury abused its discretion in awarding no general damages and that it committed manifest error in its allocation of fault. We, therefore, amend the judgment to re-allocate fault and to award general damages to Mrs. Pfefferle.

## FACTUAL AND PROCEDURAL BACKGROUND

Plaintiffs checked into the Haynes Best Western in Alexandria, Louisiana, around 2:00 a.m. on January 16, 2006. Mr. Pfefferle was traveling to Alexandria for business and was accompanied by his wife, Kathleen, and three of their five minor children, because they intended to make a vacation of the return trip to their home in Wisconsin. Mrs. Pfefferle contends that she injured herself when she fell through the sleeper sofa after kneeling on the corner of it. Mr. Pfefferle had pulled out the sleeper sofa for his two daughters and had then gone to the car to retrieve their luggage. When he returned to the room, in order to allow him access to cross the room, Mrs. Pfefferle knelt on the corner of the sleeper sofa and, as she did, the mattress collapsed, causing her to fall to the floor and injure herself. The Pfefferles did not notify hotel personnel of the problem until they were checking out of the hotel. They continued on their intended trip. However, Mrs. Pfefferle contends that her condition deteriorated on the trip. She alleges that she sustained a disc herniation, neck pain, and headaches. Once she arrived home in Wisconsin, she visited her family doctor, who referred her to a neurosurgeon, Dr. Theresa Chang. Mrs. Pfefferle ultimately underwent a lumbar hemilaminectomy, total facetectomy, and partial foraminectomy.

Plaintiffs filed suit against Haynes Best Western and alleged that the hotel was "negligent for knowingly leaving faulty equipment in the room and for failing to inform plaintiffs that the sleeper-sofa was not equipped with the proper springs and supports[,] and it was therefore unsafe and should not have been used." The matter

1

proceeded to trial by jury, and the jury rendered a verdict in favor of Plaintiffs, allocating forty-five percent of the fault to Haynes Best Western, ten percent to Mrs. Pfefferle, and forty-five percent to "[a]ny other person of [sic] entity." The jury awarded past medical expenses in the amount of $15,000.00 to Mrs. Pfefferle but declined to award any amount for future medical expenses, pain and suffering, disability, loss of enjoyment of life, or any loss of consortium on the part of Mr. Pfefferle or any of the children. Plaintiffs filed a motion for judgment notwithstanding the verdict and/or a motion for new trial, both of which were denied by the trial court. This appeal by Plaintiffs followed. Haynes Best Western answered the appeal, seeking to be absolved of any liability and seeking a reversal of the award of medical expenses.

**DISCUSSION**

Plaintiffs assert that the jury erred in three respects: (1) in apportioning fault to Mrs. Pfefferle and/or a third party; (2) in awarding special damages, yet no general damages; and (3) in failing to award any damages for injuries sustained by Chassen Pfefferle, the minor child of the Pfefferles, whom Mrs. Pfefferle was holding at the time of the fall, or to her husband and other children. In its answer to appeal, Defendant asserts that the jury erred in allocating any fault to it and in awarding medical expenses to Mrs. Pfefferle.

*Allocation of Fault*

We first address the arguments of Plaintiffs and Defendant concerning the jury's allocating forty-five percent of the fault to Haynes Best Western, ten percent to Mrs. Pfefferle, and forty-five percent to "[a]ny other person of [sic] entity." Plaintiffs argue that the jury erred in finding third party fault because Defendant failed to plead third-party fault, because there is no duty owed by Mr. Pfefferle to warn Mrs. Pfefferle of any purported or threatened danger, and because Defendant presented "no evidence whatsoever with regard to whom the manufacturer of the sofa bed was and/or the absence of any warnings by that manufacturer." Plaintiffs further argue that there was no evidence that Mrs. Pfefferle contributed to her own injuries.

2

On the other hand, Defendant argues that there was ample evidence in the record to show that the entire accidence could not have occurred as alleged by Plaintiffs such that it should be absolved of any liability or that, in the alternative, the allocation of fault by the jury should be affirmed.

Since the jury's allocation of fault is a factual finding, the manifest error standard of review applies. *Sims v. State Farm Auto Ins. Co.*, 98-1613 (La. 3/2/99), 731 So.2d 197. The question is whether a reasonable juror could have found that the fault in this case should have been apportioned at forty-five percent to Haynes Best Western, ten percent to Mrs. Pfefferle, and forty-five percent to "[a]ny other person of [sic] entity." To determine whether the jury's verdict was unreasonable, we must examine the liability of the parties using the same standards applied to juries as set forth by the supreme court in *Watson v. State Farm Fire and Casualty Ins. Co.*, 469 So.2d 967, 974 (La.1985):

> In assessing the nature of the conduct of the parties, various factors may influence the degree of fault assigned, including: (1) whether the conduct resulted from inadvertence or involved an awareness of the danger, (2) how great a risk was created by the conduct, (3) the significance of what was sought by the conduct, (4) the capacities of the actor, whether superior or inferior, and (5) any extenuating circumstances which might require the actor to proceed in haste, without proper thought.

We are mindful that "the allocation of fault is not an exact science, nor is it the search for a precise ratio." *Layssard v. State, Dep't of Public Safety and Corrections*, 07-78, p. 4 (La.App. 3 Cir. 8/08/07), 963 So.2d 1053, 1058, *writ denied*, 07-1821 (La.11/09/07), 967 So.2d 511.

The jury found that Mrs. Pfefferle was ten percent at fault. She testified that she was holding the baby and trying to get out of the way while her husband came into the room to get the luggage. She did not assist him in pulling out the sofa bed and was inattentive to its condition. The record reflects that she was not as prudent as she should have been. Considering the *Watson* factors, her own negligence was a substantial factor in the accident. Furthermore, Mrs. Pfefferle's credibility was at issue. As such, great deference must be given to the trier of fact, "for only the

3

factfinder can be aware of the variations in demeanor and tone of voice that bear so heavily on understanding and believing what is said." *Eisenhardt v. Snook*, 43,128, p. 4 (La.App. 2 Cir. 5/14/08), 986 So.2d 700, 705. After our review of the record, we find no manifest error in the jury's allocation of fault to Mrs. Pfefferle.

However, we conclude that the jury's finding that "[a]ny other person of [sic] entity" was forty-five percent at fault is manifestly erroneous. The record is devoid of any evidence of any manufacturer's defect or any evidence that the manufacturer had any duty to warn. The record is also devoid of any evidence that another patron at the hotel damaged the sofa bed. The only "other person" whom the jury could have found to be at fault was Mr. Pfefferle. There is no evidence that he did anything to the sofa bed to cause his wife to fall through it or that he noticed any problem with the sofa bed and failed to tell his wife about it. Further, he was under no duty to warn Mrs. Pfefferle about the sofa bed. There is no evidence that "any other person" other than Mrs. Pfefferle herself and Defendant contributed to this accident. We, therefore, find that the jury's allocation of forty-five percent of the fault to "other persons" was manifestly erroneous.

Having found manifest error, we must now re-allocate fault. Again, we are mindful of the *Watson* factors. From the testimony, it is clear that Defendant, as the owner of the property, was in a superior position to have knowledge about the condition of the sofa bed. The head of maintenance at the Defendant hotel, Bobby Fatheree, testified in deposition that the springs on the sofa beds needed to be changed "about once a month" because missing springs were a problem and that he kept a box of spare springs for this purpose. Robert Mitchell, a maintenance worker at the hotel, also testified that he has had to replace the springs on the sofa beds. Sheryl Chicola, the general manager of the hotel, testified that she has also occasionally noticed missing springs on the sofa beds. There was also testimony concerning the different inspections that occurred in each guest room between occupancies of the room. Based on the evidence presented at trial and the *Watson* factors, we allocate ninety percent of the fault to Defendant.

4

*General Damages*

We next turn to Plaintiffs' argument that it was error for the jury to award special damages but no general damages to Mrs. Pfefferle. The jury awarded $15,000.00 in past medical expenses to Mrs. Pfefferle but declined to award any amounts for future medical expenses, pain and suffering, disability, or loss of enjoyment of life. Defendant argues that in light of Mrs. Pfefferle's credibility issues, the jury could have reasonable concluded that she was not entitled to an award of general damages.

In *Wainwright v. Fontenot*, 00-492, pp. 8-9 (La. 10/17/00), 774 So.2d 70, 76, our supreme court noted:

> And we do not dispute that, as a general proposition, a jury verdict such as the one currently before us may be illogical or inconsistent. However, . . . a jury, in the exercise of its discretion as factfinder, can reasonably reach the conclusion that a plaintiff has proven his entitlement to recovery of certain medical costs, yet failed to prove that he endured compensable pain and suffering as a result of defendant's fault. It may often be the case that such a verdict may not withstand review under the abuse of discretion standard. However, it would be inconsistent with the great deference afforded the factfinder by this court and our jurisprudence to state that, as a matter of law, such a verdict must always be erroneous. Rather, a reviewing court faced with a verdict such as the one before us must ask whether the jury's determination that plaintiff is entitled to certain medical expenses but not to general damages is so inconsistent as to constitute an abuse of discretion. Only after the reviewing court determines that the factfinder has abused its much discretion can that court conduct a de novo review of the record.
>
> . . . .
>
> Additionally, our survey of the approaches used by our sister states further buttresses the conclusion that a verdict awarding medical expenses yet denying general damages is not per se invalid. While the courts of many states have acknowledged that such a verdict can be erroneous, they generally have rejected the factfinder's determination as to damages only where the failure to award general damages is factually inconsistent with a reasonable reading of the record, giving due deference to the jury's findings of fact. *See, e.g., Moody v. RPM Pizza, Inc.*, 659 So.2d 877 (Miss.1995); *Robertson v. Stanley*, 285 N.C. 561, 206 S.E.2d 190 (1974); *Laughlin v. Lamkin*, 979 S.W.2d 121 (Ky.Ct.App.1998); *Prescott v. Kroger*, 877 S.W.2d 373 (Tex.Ct.App.1994).

Mrs. Pfefferle's deposition and trial testimony concerning prior problems with depression and prior neck and back problems was conflicting. She testified at trial

that she was taking pain medication at the time of her deposition and that was hampering her recollection of prior complaints. Dr. Theresa Cheng, Mrs. Pfefferle's treating neurosurgeon, testified at trial by deposition. Dr. Cheng opined that it was more probable than not, according to Mrs. Pfefferle's account of the accident, that the "mechanisms" of the accident caused Mrs. Pfefferle's disk herniation. Even after the surgery was performed by Dr. Cheng, Mrs. Pfefferle testified that she was still in pain and was undergoing epidural injections in an attempt to manage the pain.

Even if Mrs. Pfefferle had some pre-existing back and neck problems, the law is clear that the defendant takes the victim as he finds her and is responsible for all natural and probable consequences of his tortious conduct. *Touchard v. Slemco Elec. Foundation*, 99-3577 (La.10/17/00), 769 So.2d 1200. Based on our review of the record, we find that the jury abused its discretion in failing to award any amount of general damages to Mrs. Pfefferle. Therefore, we award $75,000.00 in general damages, subject to a reduction for the ten percent of fault attributable to Mrs. Pfefferle.

*Damages to Chassen Pfefferle and Damages for Loss of Consortium*

Finally, Plaintiffs argue that the jury erred in failing to award any damages to Chassen Pfefferle, the eighteen month old child whom Mrs. Pfefferle was allegedly holding at the time of the subject fall, and in failing to award any damages to Mr. Pfefferle and the other Pfefferle children for their loss of consortium.

We should only disturb an award of general damages, or a determination that no amount should be awarded, if such an award for the particular injuries and their effects under the particular circumstances on the particular injured person is a clear abuse of trier of fact's vast discretion. *Youn v. Maritime Overseas Corp.*, 623 So.2d 1257 (La.1993), *cert. denied*, 510 U.S. 1114, 114 S.Ct. 1059, 127 L.Ed.2d 379 (1994). Our role is not to decide what we think is an appropriate award, but rather to review the trier of fact's exercise of discretion. *Andrus v. State Farm Mutual Automobile Ins. Co.*, 95-801 (La.3/22/96), 670 So.2d 1206.

6

The Pfefferle's allege that Chassen sustained a wrist injury in the subject accident and that, as a result of the injury, he had a cast for approximately six weeks. The evidence presented at trial on this issue is conflicting. Chassen did not receive any medical treatment for several weeks following the subject accident. X-rays taken showed no evidence of any injuries. Photographs of the child taken after the subject accident do not depict any injuries to the child. Thus, we find no abuse of the jury's vast discretion in failing to award any amount of damages to Chassen Pfefferle.

In concluding that Mr. Pfefferle and the Pfefferle children did not suffer any loss of consortium, the jury apparently chose not to credit the testimony of Mr. or Mrs. Pfefferle or that of Tiffani or Aleah Pfefferle. We cannot say that the jury was clearly wrong in failing to make such awards. When findings of fact are based upon evaluations of witness credibility, the clearly wrong standard of review requires that we give great deference to the trier of fact's findings. *Billiot v. K-Mart Corp.*, 99-1569 (La.App. 1Cir.6/23/00), 764 So.2d 329, *writ denied*, 00-2211 (La.10/13/00), 771 So.2d 653. We must, therefore, review the record to determine whether the jury was clearly wrong in failing to make any awards for loss of consortium. While both Mr. and Mrs. Pfefferle testified that they were "like two kids in love" before the subject accident, Defendant produced evidence in the form of medical records that appeared to show that Mrs. Pfefferle had complained about marital problems, lack of libido, and domestic abuse on several occasions prior to the subject accident. Given the questions of credibility and that the record reveals a reasonable factual basis for the jury's conclusions in this respect, we cannot say that the jury was manifestly erroneous in failing to award any damages for loss of consortium. This assignment of error is, therefore, without merit.

**DECREE**

For the foregoing reasons, we affirm the jury's verdict in favor of Plaintiffs, Kathleen C. Pfefferle and Troy Pfefferle. We, however, amend the jury's verdict to re-allocate the percentages of fault ten percent to Mrs. Pfefferle and ninety percent to Haynes Best Western. We further amend the jury's award of damages to include

an award of $75,000.00 in general damages to Mrs. Pfefferle, subject to a reduction for her percentage of fault. In all other respects, the jury's verdict is affirmed. All costs of this appeal are assessed to Defendant-Appellee, Haynes Best Western of Alexandria.

**AFFIRMED AS AMENDED.**

NUMBER 09-999

COURT OF APPEAL, THIRD CIRCUIT

STATE OF LOUISIANA

KATHLEEN C. PFEFFERLE, ET AL.

VERSUS

HAYNES BEST WESTERN OF ALEXANDRIA, ET AL.

AMY, J., concurring in part, dissenting in part.

The majority reverses the trial court's allocation of fault and award of general damages in favor of the plaintiffs. I respectfully dissent from those portions of the opinion as I find an affirmation in full is appropriate.

First, I find no error in the jury's allocation of forty-five percent of the fault to a third person. The record includes conflicting evidence in regard to whether Mrs. Pfefferle or any third person was at fault in the accident. There was testimony from Best Western employees indicating that, if the sleeper was indeed in the defective condition alleged, one would have noticed this when the sleeper sofa was initially opened. The plaintiffs testified to the contrary, alleging they did not see that the sofa sleeper was defective when they opened it. Based upon this evidence, I find that it is possible the jury attributed fault to a patron of the defendant hotel who may have caused a spring to fall out, the manufacturer of the sofa sleeper, or any other person who may have contributed to the accident. It is not necessary that the third party fault be attributed to any of the parties of this suit. La.Civ. Code art. 2323(A). In light of the conflicted evidence and the manifest error standard of review, I would not disturb the jury's factual finding as to the allocation of fault.

Further, I find that the record supports the jury's determination that no more than the $15,000.00 for medical expenses should be awarded to the plaintiffs. It is reasonable that the jury found Mrs. Pfefferle's testimony incredible and determined

that her accident did not increase any level of pain and suffering, and that any injury caused by the accident was treated by the surgery. Accordingly, I would not disturb the jury's $15,000.00 award.

In all other respects, I concur in the majority opinion.