James R. CROWE and Betty J. Crowe, Appellants,

v.

GULF PACKING COMPANY, Appellee.

No. 13–85–512–CV.

Court of Appeals of Texas, Corpus Christi.

Aug. 29, 1986.

**624**

Maria Estella Perez, Brownsville, for appellants.

F.G. Hinojosa, McAllen, for appellee.

Before DORSEY, UTTER and BENAVIDES, JJ.

## OPINION

DORSEY, Justice.

This is an appeal challenging the failure of the jury to award certain damages in a personal injury suit. The jury awarded appellants a total of $64,437.00 damages for past and future loss of earning capacity, disfigurement, past and future physical impairment, and past and future medical expenses. The jury awarded no damages for past and future physical pain and mental anguish, or loss of consortium. Because the jury found Mr. Crowe fifty percent negligent, the trial court entered judgment that appellants recover $32,218.50 damages.

By their first point of error, appellants complain of the jury's failure to award any damages for physical pain and mental anguish, past or future, after finding that Mr. Crowe was injured in the accident. Appellants contend that such findings are against the great weight and preponderance of the evidence, and that the jury was legally bound to make some award. We

agree and reverse and remand for a new trial.

James R. Crowe, hereinafter "appellant," was employed by the United States Department of Agriculture as a meat inspector at appellee's slaughter house. A heifer was improperly stunned, escaped from its pen and ran into appellant, knocking him to the floor.

Appellant was treated for a laceration of his finger, pain in his upper back and shoulder area, and pain in his right knee. He was subsequently diagnosed as having suffered a torn rotator cuff in his right shoulder, and has undergone surgery twice to repair the damage to his shoulder. Appellant suffered tendonitis and post-traumatic synovitis in his right shoulder in the area of the surgical repairs. He has also been diagnosed as having a torn medial meniscus in his right knee, for which surgery has been scheduled.

Each of appellant's treating physicians, including a neurologist and an orthopedic surgeon, testified that appellant has complained of and been treated for pain due to his injuries.

There was undisputed evidence that he has received anti-inflammatory drugs, pain killers, muscle relaxants, anti-spasmodic drugs, physical therapy and chiropractic treatment to attempt to alleviate his pain.

Dr. Fraim testified that appellant's pain, in his opinion, was related to the injury sustained when the heifer ran into appellant. Dr. Vargas pronounced appellant 10% permanently partially disabled in his right shoulder and 15%–20% permanently partially disabled in his knee. Dr. Vargas testified that appellant will eventually need to have his right knee replaced and will require pain medication and anti-inflammatory drugs in the future for his shoulder. Dr. Abraham Cano, a family physician, also opined that appellant will probably continue to have pain in his shoulder in the future.

Appellee disputes appellant's claim that these injuries and any resulting pain were caused by the accident in question, but

rather, were the result of prior injuries. Appellee offered evidence of appellant's medical history before and after the May 1982 accident, including: lower back pain suffered by appellant in the early 1970's, 1980, and 1983; neck pain in 1974; and, pain between the shoulder blades in 1974.

The jury found that injuries did result from the accident with the heifer and awarded appellant damages of $22,245.00 for loss of earnings in the past, $2,490.00 for loss of earning capacity in the future, $5,000.00 for disfigurement, $11,007.00 for physical impairment in the past, $22,014.00 for physical impairment in the future, $781.00 for past medical expenses, and $900.00 for future medical expenses. However, the jury failed to find any damages for physical pain and mental anguish, past or future.

We find it inconceivable that the jury could find injury and compensable medical care, disfigurement and incapacity and yet find no physical pain and mental anguish. "The amount of damages is largely within the jury's discretion. However, they must award something for every element of damage resulting from an injury." *Del Carmen Alarcon v. Circe,* 704 S.W.2d 520, 521 (Tex.App.—Corpus Christi 1986, no writ) (and cases cited therein).

The record is replete with evidence of the pain suffered by appellant as a result of these injuries. Appellant testified that he was in pain when he was knocked down by the heifer and that he has had pain most of the time since then. Betty Crowe testified that he paces the floor at night and that she "can tell from the expression on his face that he is definitely in pain." He tells her "I am hurting." Doctor Redfearn testified that appellant has complained of pain following the accident, that the condition that Mr. Crowe suffered from the time of the injury did involve some pain, that tendonitis and synovitis from which appellant suffers are painful conditions, and that Mr. Crowe has been treated with pain killers, anti-spasmodic drugs, and anti-inflammatory drugs. Doctor Vargas testified that appellant "has had pain over the front part of the shoulder joint," that lifting small objects causes him pain, that he has suffered severe pain following one injection in his shoulder, that he has had several surgeries, that on the occasion of the second surgery Doctor Vargas located a formerly undiscovered tear in the rotator cuff which explained some of Mr. Crowe's pain over several years, and that appellant had pain in his right knee, as well. Doctor Cano, also aware of appellant's pain, stated that it will probably continue in the future. The jury's findings of zero damages for past and future physical pain are so against the great weight and preponderance of the evidence as to be manifestly unjust. *Pool v. Ford Motor Co.,* 715 S.W.2d 629, (1986). We sustain appellant's first point of error.

Because of our disposition of appellant's first point of error, we need not address his remaining points of error. TEX.R.CIV.P. 451.

The judgment is REVERSED and the cause REMANDED for a new trial.