

# NUMBER 13-07-00471-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

---

**LEONARDO CESAR AND EDNA LUNA,**                  **Appellants,**

**v.**

**JUAN IBARRA TORRES,**                          **Appellee.**

---

**On appeal from the County Court at Law No. 4
of Hidalgo County, Texas.**

---

# MEMORANDUM OPINION

**Before Chief Justice Valdez and Justices Benavides and Wittig[1]
Memorandum Opinion by Justice Wittig**

This is a personal injury case in which a jury awarded medical expenses but failed

to award any damages for physical impairment or physical pain/mental anguish.  In a single

issue, appellants Leonardo Cesar and Edna Luna contend the jury's findings of no past

---

[1]Retired Fourteenth Court of Appeals Justice Don Wittig assigned to this Court by the Chief Justice of the Supreme Court of Texas pursuant to the government code.  TEX. GOV'T CODE ANN. § 74.003 (Vernon 2005).

damages for physical pain and mental anguish are against the great weight and preponderance of the evidence. Appellee, Juan Ibarra Torres, maintains the verdict is supported by the evidence. We will affirm.

## I. STANDARD OF REVIEW

When only one category of damages is challenged on the basis that the award was zero or was too low, a court should consider only whether the evidence unique to that category is so against the great weight and preponderance of the evidence as to be manifestly unjust, shock the conscience, or clearly demonstrate bias. *Golden Eagle Archery, Inc. v. Jackson*, 116 S.W.3d 757, 775-776 (Tex. 2003). Here only one category of damages is challenged. This standard of review gives due regard to a jury's choice of whether and how to categorize and compensate for specific losses or injuries that could reasonably fall into more than one category of damages. *Id.* We also consider the principle that a tort victim should be fully and fairly compensated, but that a double recovery should be avoided. *Id.* In reviewing a jury's failure to award any damages we apply the principles articulated in *Pool. Pool v. Ford Motor Co.*, 715 S.W.2d 629, 635 (Tex. 1986). When considering an insufficiency ground, we are to detail the evidence relevant to the issue in consideration and clearly state why the jury's finding is factually insufficient. *Id.* In conducting a factual sufficiency review, we view all the evidence in a neutral light to determine whether the contested finding is so contrary to the great weight and preponderance of the evidence as to be manifestly unjust, shock the conscience, or clearly demonstrate bias. *Jackson*, 116 S.W.3d at 761; *Villagomez v. Rockwood Specialties, Inc.*, 210 S.W.3d 720, 749 (Tex. App.–Corpus Christi 2006, pet. denied).

2

## II. Factual Sufficiency

We first note the court's charge and the jury's responses. Liability was found against the defendant and no negligence was found on either plaintiff. The jury awarded past medical expenses to plaintiffs in the amounts of $2,984 for Cesar, and $1,850 for Luna. Property damage was found in the amount of $2,500. The elements of damages were submitted separately. The jury found zero past and future physical pain and mental anguish damages and zero past and future physical impairment damages. Likewise the jury found zero future medical expenses.

Appellants direct our attention to evidence they argue supports their issue. Both appellants testified they experienced pain. Cesar testified that Luna complained of numbness in her arm and head that night. Cesar also testified that no ambulance came and that he told the investigating officer, "I was fine." About three days later, Cesar first sought medical attention and was referred to a chiropractor. Luna also saw the same chiropractor several days after the accident for approximately two weeks. Her treatment was for neck pain.[2] Cesar testified he was treated for his arm, lumbar region, and neck. Both claimed their ability to work was impaired, although no such issue was submitted to the jury. Cesar stated he had trouble sleeping, and had to stop his truck driving every two hours or so to stretch his back and head. Cesar never had to visit a doctor in his life before the accident. While no doctor testified, a chiropractic report admitted by an affidavit for medical care records and statements for services to Cesar, indicated contractions or tenderness upon palpation to the cervical, thoracic, lumbar, sacrum, sacro-iliac, and top of shoulder. The affidavit was not signed by a doctor. X-rays were negative. The

---

[2] Her medical records denote neck and back complaints.

3

diagnosis included cervical sprain/strain, cervicalgia, elbow pain, lumbar sprain/strain, lumbalgia, lumbar radiculitis and myospams. The report was signed by Kimberly Driggers, D.C. In an unverified letter and report addressed to Cesar's former attorney, Desmond Ikondu, M.D., noted acute cervical spasm and lumbosacral spasm due to whiplash. While appellant argues Ikondu's diagnosis establishes objective evidence of injury, the report does not distinguish between objective and subjective symptoms, nor is there any medical testimony indicating that any of the opinions were based upon the usual standard of reasonable medical probability. The report also notes that Cesar failed to return for his scheduled follow- up appointment and was discharged. Dr. Ikondu performed no x-rays or other scan tests on either appellant.

The record contains a second letter report (also unverified) from Dr. Ikondu to Luna's former attorney. It noted diffuse cervical myalgia, bilateral shoulder contusion, and acute thoracolumbar spasm. Again, there was no medical testimony indicating any opinions were based upon reasonable medical probability, or noting specific objective findings. Luna also failed to return for a scheduled follow-up, and was discharged from further care.

Appellee contends that appellants' evidence is purely subjective. No complaint of injury was made at the accident scene. No ambulance was requested. Neither went to the hospital. The alleged injuries were strictly soft tissue, and x-rays by the chiropractor were negative. No work restrictions were placed on either appellant. Apparently, no prescription pain drugs were prescribed, and the only evidence of any medication was over-the-counter Tylenol taken by Luna. Neither lost time from work.

4

### III. ANALYSIS

Appellants cite several authorities they maintain require reversal of this case. In *Crowe v. Gulf Packing Co.*, 716 S.W.2d 623, 624 (Tex. App.–Corpus Christi 1986, no writ), appellant was treated for a laceration of his finger, pain in his upper back and shoulder area, and pain in his right knee. He was subsequently diagnosed as having suffered a torn rotator cuff in his right shoulder, and underwent surgery twice to repair the damage to his shoulder. *Id.* Crowe suffered tendonitis and post-traumatic synovitis in his right shoulder in the area of the surgical repairs. *Id.* He has also been diagnosed as having a torn medial meniscus in his right knee, for which surgery had been scheduled. *Id.* There was undisputed evidence that appellant received anti-inflammatory drugs, pain killers, muscle relaxants, anti-spasmodic drugs, physical therapy and chiropractic treatment to attempt to alleviate his pain. *Id.* Two physicians testified that Crowe's pain was related to the injury sustained when a heifer ran into him; Dr. Vargas pronounced Crowe 10% permanently partially disabled in his right shoulder and 15%-20% permanently partially disabled in his knee, that he would eventually need to have his right knee replaced, and would require pain medication and anti-inflammatory drugs in the future for his shoulder. *Id.* We held that the jury's failure to award damages for physical pain and mental anguish was against the great weight and preponderance of the evidence so as to be manifestly wrong and unjust. *Id.* at 625.

In *Del Carmen Alarcon v. Circe*, 704 S.W.2d 520, 521 (Tex. App.–Corpus Christi 1986, no writ), the plaintiff's x-rays indicated a reverse curvature of the cervical spine. Dr. Jose Kuri, M.D., found injuries and prescribed medication for pain, a tranquilizer and muscle relaxer. *Id.* Dr. Luis Suarez, M.D., found that appellant had a cerebral concussion

as a result of the collision.  A chiropractor diagnosed a cervical and lumbar sprain.  *Id.*  All of the medical experts made medical diagnoses which included indications of physical pain.  *Id.*  We concluded, after reviewing the evidence, that the jury's failure to award damages for physical pain or mental anguish was against the great weight and preponderance of the evidence so as to be manifestly wrong and unjust.  *Id.*

In *Hammett v. Zimmerman*, 804 S.W.2d 663, 668 (Tex. App.--Fort Worth 1991, no writ),  Dr. Winton testified with respect to Nan Hammett's objective injuries after comparing the results of x-rays and a postural survey taken on May 14, 1986 and September 23, 1986, respectively.  Winton made the following observations with respect to the changes in Nan Hammett's physiological condition:  1. listing of the lumbar spine to the left (7% scoliosis with a convexity to the left); and  2. declination of the sacral base plane (left iliac crest was decreased).  *Id.*  The court concluded  that Winton's uncontradicted analysis of the x-rays and postural survey (comparing x-rays taken 4 months apart) provided compelling evidence of objective injury.  *Id.*  In contrast, the same court refused to reverse the jury's negative findings on pain and suffering where the evidence showed:   Sherry Hammett first visited Dr. Winton on July 9, 1986, during which Winton made the following post-examination diagnosis regarding Hammett's physical condition:  1. restricted range of motion of the cervical spine of the neck; 2. muscle tightness in the left trapezium (left shoulder area); and 3. temporomandibular tenderness on the right jawbone.  *Id.* at 668. Winton also diagnosed Sherry Hammett's injury as acute cervical strain syndrome (neck injury). She took muscle relaxants and analgesics for pain and physical therapy (including heat treatments, hot packs, and osteopathic manipulative therapy).  *Id.* On September 10, 1986, Winton reexamined her and made the following observations:  1. decreased muscle

swelling of the cervical spine; 2. decreased tenderness; 3. no restriction with regard to the range of motion; and 4. tightness in the thoracic area (attributed to a source other than the automobile accident). *Id.* The court held as to Sherry Hammett, that the record reflected that she presented no objective evidence of injury. Therefore, it found that her injuries were "subjective" in nature and that the jury did not err in awarding Sherry Hammett only those damages in the amount of her medical expenses. *Id.* at 668-669. We observe that neither Cesar nor Luna presented even the subjective level of complaints attributed to Sherry Hammett.

The Fort Worth court listed multiple examples of objective evidence of injury supporting an award of damages for pain and suffering. *Id.* They include: 1. skull and facial fractures (accompanied by the dripping of spinal fluid from the nose); 2. organic brain syndrome and nerve damage; 3. severe electrical burns; 4. broken hip; 5. linear fracture of the foot; 6. cut; 7. lacerations, tendinitis, and torn muscles requiring surgery; 8. reverse curvature of the spine, concussion, and lumbar sprains; and 9. broken ankle requiring full cast. *Id.* at 666. Again, neither appellant presented objective evidence of injury as described in the case law.

Appellants cite several other authorities *e.g.*, *Thomas* v. *Oil & Gas Bldg., Inc.* 582 S.W.2d 520, 521 (Tex. App.–Corpus Christi, 1986, no writ). However, like appellants' other citations to authority, all include objective injuries. In *Thomas*, as a result of her fall, the plaintiff suffered a broken right ankle requiring surgery, hospitalization for ten days, a cast for approximately six weeks, and crutches for approximately six months. *Id.* We have reviewed all of appellants' cases as well as our own research, and neither reveal any authority that suggests appellants' apparent soft tissue injuries, if any, require the jury to

7

find damages for pain and suffering or meet the objective standard for compensable injuries. To the contrary, the nature of the injury being reviewed in this case, a lower back injury, is often difficult to objectively verify.[3] *See Morris v. Blanchette*, 181 S.W.3d 422, 425 (Tex. App.–Waco 2005, no pet.) Thus, appellate courts have frequently affirmed zero damages verdicts in cases involving back injuries. *Id.* (citing *Gonzalez v. Wal-Mart Stores, Inc.*, 143 S.W.3d 118, 123-24 (Tex. App.–San Antonio 2004, no pet.); *Dunn v. Bank-Tec South*, 134 S.W.3d 315, 324-26 (Tex. App.–Amarillo 2003, no pet.); *Biggs v. GSC Enters., Inc.*, 8 S.W.3d 765, 768-69 (Tex. App.–Fort Worth 1999, no pet.); *Crow v. Burnett*, 951 S.W.2d 894, 897-99 (Tex. App.–Waco 1997, pet. denied)).

## IV. CONCLUSION

After carefully reviewing the record, we find that there is evidence that controverts the assertion that appellants received compensable pain and suffering in the collision. The police report written at the collision site indicated no injuries to either Cesar or Luna. No ambulance was requested, and neither appellant went to a hospital at any time. The alleged whiplash type injuries were at most soft tissue injuries resulting in negative x-rays. No work restrictions were given, and no prescription pain medications were either prescribed or taken. Neither appellant missed time from work. No doctor testified to any injury or objective medical findings. Appellants were in their twenties and thirties, and the jury could observe their demeanor and apparent health, *vel non*.

The mere fact of injury does not prove compensable pain and suffering or impairment. *Biggs v. GSC Enters.*, 8 S.W.3d 765, 769 (Tex. App. –Fort Worth 1999) (citing *Blizzard v. Nationwide Mut. Fire Ins. Co.*, 756 S.W.2d 801, 805 (Tex. App.–Dallas

---

[3] Appellants' records indicate a "stocking" type injury to the neck, mid back and low back.

8

1988, no writ)). A jury may award "zero damages" when the injuries sustained are subjective in nature or there is both subjective and objective evidence of damages. *Id.* (citing *Lamb v. Franklin*, 976 S.W.2d 339, 341 (Tex. App.–Amarillo 1998, no pet.); *McGuffin v. Terrell*, 732 S.W.2d 425, 427-28 (Tex. App.–Fort Worth 1987, no writ) (holding that jury may award no damages for pain and suffering despite finding other damages resulting from injury, if damages found are minimal and complained of injury is subjective)). The evidence concerning whether appellants suffered pain as a result of the accident is almost entirely subjective, primarily based on appellants' own personal reports of pain to doctors, and their own testimony.

The uncontradicted testimony of an interested witness cannot be considered as doing more than raising an issue of fact unless that testimony is clear, direct, and positive, and there are no circumstances in evidence tending to discredit or impeach such testimony. *McGalliard v. Kuhlmann*, 722 S.W.2d 694, 696 (Tex. 1986) (citing *Anchor Casualty Company v. Bowers,* 393 S.W.2d 168 (Tex. 1965)).

With regard to the two medical record affidavits and the unsworn statements of Dr. Ikondu, it has long been the rule of this State that opinion testimony does not establish any material fact as a matter of law. *See id.* (citing *Hood v. Texas Indemnity Insurance Co.*, 209 S.W.2d 345 (1948)). "Further, the judgments and inferences of experts or skilled witnesses, even when uncontroverted, are not conclusive on the jury or trier of fact, unless the subject is one for experts or skilled witnesses alone, where the jury or court cannot properly be assumed to have or be able to form correct opinions of their own based upon evidence as a whole and aided by their own experience and knowledge of the subject of inquiry." *Id.* (citing *Caisson v. Atlanta Life Insurance Co.*, 179 S.W.2d 943, 945 (Tex.

9

1944)).

We conclude that the jury's award of zero damages for pain and suffering is not greatly outweighed by the contrary evidence so as to be manifestly unjust, or that shocks the conscience, or clearly demonstrates bias. *See Pool*, 715 S.W.2d at 635.

We overrule appellant's sole issue and affirm the judgment of the trial court.


DON WITTIG,
Justice

Memorandum Opinion delivered and
filed this the 31st day of August, 2009.